DALLAS HUNTING & FISHING CLUB v. NASH et al. (No. 1933.)

(Court of Civil Appeals of Texas. Texarkana. March 13, 1918. On Motion for Rehearing, March 21, 1918.)

1. APPEAL AND ERROR ☞1042(2)—HARMLESS ERROR.

Error, if any, in striking from the pleas matters of defense admissible under the general plea of not guilty in trespass to try title, was harmless.

2. APPEAL AND ERROR ☞926(4)—REVIEW— PRESUMPTION—EVIDENCE—EXCLUSION.

In trespass to try title to determine boundaries, in the absence of showing of relevancy of a judgment in a prior action between different parties involving the same facts, exclusion of such judgment cannot be ruled error.

3. BOUNDARIES ☞25—TRESPASS TO TRY TITLE ☞40(4) — CONTROL OF CALLS — PRIOR SURVEY.

Since a subsequent patent must yield to the calls for boundaries in an older survey, and the grantees of such patent took nothing as to the portion involved in the conflict, their deeds were immaterial in an action of trespass to try title by claimants under the prior patent.

4. JUDGMENT ☞256(2)—FINDING OF JURY.

In the absence of motion to set aside the findings of the jury, the trial court is bound to enter up a judgment in accordance with the jury's answers.

5. BOUNDARIES ☞3(4)—CONTROL OF CALLS— RIVER BANK.

In the absence of showing that a call for a river bank was a mistake, such call should control a call for distance.

6. ADVERSE POSSESSION ☞95 — PAYMENT OF TAXES.

Where plaintiffs in trespass to try title claimed under a prior grant, defendant's evidence that he paid taxes on land described under the subsequent grant showed that one of the essentials for acquiring title under the five-year statute of limitations was lacking.

7. APPEAL AND ERROR ☞882(11)—INVITED ERROR.

In trespass to try title, where issue of ten years' adverse possession was submitted to the jury at defendant's request, defendant could not question the sufficiency of the evidence to support the jury's finding against such adverse possession.

On Motion for Rehearing.

8. JUDGMENT ☞681—ESTOPPEL—SUCCESSORS IN TITLE.

In trespass to try title by persons claiming under the original patent against persons claiming under a conflicting subsequent patent, a judgment in an earlier suit between different persons dividing the original patent and fixing a corner as on a slough instead of the river called for by the patent was not admissible, since in any event plaintiffs would not be estopped by such judgment, where they deraigned title under earlier owners.

Appeal from District Court, Dallas County; W. L. Whitehurst, Judge.

Trespass to try title by Wood Nash and others against the Dallas Hunting & Fishing Club. Judgment for plaintiffs, and defendant appeals. Affirmed. On motion for rehearing. Motion overruled.

Morris & Williamson, of Dallas, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, Lively & Goggans, of Dallas, J. H. Randell, of Denison, and Holland & Bartlett, of Dallas, for appellees.

HODGES, J. This is really a boundary suit. It was instituted by the appellees, however, as an action of trespass to try title to a small tract of land in Dallas county claimed as a part of Harrison survey No. 331 bordering on the Trinity river. Appellant claims it as a part of the J. S. Lewis

survey, which was made some time subsequent to the issuance of the Harrison patent. The appellant pleaded the general issue of not guilty, and the five and ten year statutes of limitation. It also pleaded specially some matters of defense which were admissible under the plea of not guilty. These, upon special exceptions by the appellees, were stricken out, and that ruling of the court has been assigned as error.

[1] Conceding that the court erroneously sustained those exceptions, the rulings were harmless for the reason that the matters therein pleaded were, so far as material, admissible in evidence under the plea of not guilty. The record shows that there were four Harrison surveys numbered from 329 to 332, inclusive, patented in 1847. The Lewis survey, which adjoined the Harrison surveys on the southwest and south, was patented in the year 1856. The Harrison surveys bordered on the Trinity river, extending thence north, or, rather, northeast. Survey No. 331 is described in the patent as follows:

"Beginning at the northwest corner of George P. Harrison survey No. 330 on the bank of the Trinity river for first corner; thence north 45° E. 3,645 varas to second corner; thence north 45° W. 950.4 varas to third corner; thence south 45° W. 3,963 varas to fourth corner on bank of the Trinity river; thence south 63½° E. with the meanders of the Trinity river 1,002 varas to the place of beginning."

At each of the corners above referred to marked trees were called for. The beginning and the second and third corners of this survey, and the lines between them, were located·upon the ground. The fourth corner and the line from there to the beginning were the matters in dispute. The third line, appellant contends, should stop at a slough which was apparently at one time the main channel of the Trinity river; while the appellees contend that it should cross the slough and continue 484 varas farther southwest to the bank of the present channel of the Trinity river. To stop where the appellant contends that it should would make the line 261 varas shorter than called for in the field notes; while to extend it to the point where the appellees claim it should be would make it 223 varas longer.

The court submitted three special issues. In response to the first the jury found that the land in controversy was within the Harrison survey No. 331. The second and third issues related to the defense. of limitation, both of which were answered in favor of the plaintiffs. Upon those findings judgment was entered for the appellees.

[2] The appellant offered in evidence a judgment rendered in 1903 in the district court of Dallas county, in a suit filed by the heirs of .Lelia B. Robertson et al. against Paine, Hull, and Pruitt. This was offered for the purpose of showing that the slough was then recognized as a boundary instead of the present channel of the Trinity river.

It was excluded upon the objection that it was immaterial and irrelevant and had not been recorded in the office of the county clerk as required by statute. That ruling is made the basis of an assignment of error. · The relevancy of that judgment has not been shown, and we are unable to say that its exclusion was an error. The portion of the judgment containing the general description of the land as set out in the bill of excep·· tion follows the field notes of the patent.

[3] Appellant also offered in evidence a number of deeds showing a chain of title under the Lewis patent. The latter, being a subsequent grant, must yield to the calls for the boundary lines in the older survey. The holders of deeds under the Lewis patent took no title to that portion involved in the conflict. Hence the court properly held that those deeds were immaterial. But it is not contended that the appellant claimed under those deeds.

[4, 5] It is also insisted by the appellant that the court should have entered judgment in its favor for the land because the findings of the jury were not supported by the evidence. No motion was made in the trial below to set aside the findings of the jury, and the court was bound to enter up a judgment in accordance with the answers returned. Arkansas Fertilizer Co. v. City National Bank, 137 S. W. 1179. So far as is disclosed by the record, the only method of following the lines located in the original survey of the Harrison land is found in the calls of the field notes given in the patent. There we find that in running the third line there is a conflict between the call for distance and that for the bank of the river, a natural object. Under the well-established rules governing the relative importance of such calls the latter should control, unless there are other facts and circumstances sufficient to show that it was a mistake. As tending to indicate such mistake in this instance the appellant relies upon the mathematical inaccuracy of the fourth call for course and distance which would result if the third line be extended to the river as insisted upon by the appellees. But to locate the fourth line where appellant claims it should be would ignore not only the natural object called for in the patent, but also the call for distance in the third line. The practical result of appellees' contention then is that the call for distance in running the third line should be ignored in order to give effect to the call for course and distance in running the fourth line. It may be that in making the original survey there was an error in calling for the bank of the river, but the evidences of that error are not so apparent in this record as to require us to hold that the jury's findings were incorrect.

[6, 7] It is also contended by the appellant that the evidence showed conclusively that

it had acquired title to the property by both the five and ten year statutes of limitation. Assuming that the appellant can avail itself of that objection in the present state of the record, the evidence does not justify the claim. It was shown that the appellant paid taxes on land described as a part of the J. S. Lewis survey. If that be true, then one of the essentials for acquiring title under the five-year statute is lacking. The issue of ten years' adverse possession was submitted to the jury at the request of the appellant; and for that reason it is not in an attitude to question the sufficiency of the evidence to support the finding. Moreover, the testimony regarding adverse occupancy was in other respects of such a character as to justify the answers returned by the jury.

The remaining assignments of error are without merit, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[8] Appellant reiterates with some amplification the questions presented in its brief. Probably we should discuss more in detail the assignment based upon the exclusion of the judgment referred to in the original opinion. The bill of exception to the exclusion of this testimony shows that judgment had been rendered in favor of J. and P. Robertson and Guy Fleming against certain named defendants for the title and possession of the 640 acres of land described in this case as survey No. 331. In giving the field notes the calls are practically the same as those contained in the patent. The fourth corner, the one here in dispute, was located on the bank of Trinity river, and the last call is, "thence 62½° E. with the meanderings of Trinity river about 1,002 varas to the place of beginning." The judgment further awards to same plaintiffs all of that survey against Henry Payne, R. P. Hull, and J. A. Pruitt, except three described tracts aggregating 360 acres. The first tract of 160 acres, claimed by Payne, is described substantially as follows:

"Beginning at the W. corner of survey 331; thence N. 45° E. along its N. W. line 2,334 varas to a stake; thence S. 45° E. 396 varas; thence S. 45° W. about 2,217 varas to a stake on the bank of Trinity river or a large slough which was taken for said river in locating said survey; thence N. about 60° W. with the meanderings of said slough to the place of beginning."

The second tract, set apart to Hull, begins on the line of the tract above described, and also calls in a similar manner for the slough. The same description calling for the slough is contained in the third tract, which was set apart to Pruitt. These three tracts are situated in the west or southwest end of Harrison survey No. 331. It will be noticed that the beginning corner of the first tract above described is the west corner of survey 331, which is the corner here in dispute.

In locating that corner it was necessary to consult the field notes of the patent. Hence, if the patent located it upon the bank of the Trinity river, that must be the place of beginning in making these three subdivisions. The call for the river, or slough taken for the river, is in the location of the last or fourth corners in making those subdivisions. The record shows that the appellees acquired all the land in that portion of Harrison survey 331; so that if under the terms of the judgment a part of it was omitted in the award to Payne, Hull, and Pruitt, the appellees would not thereby be estopped, for they deraigned title under the former owners who held any interest in the land. The judgment was not relied upon as a necessary link in their chain of title; it merely settled a controversy between claimants of subdivisions of the land with which the appellees had no concern.

The motion for a rehearing is overruled.