## ERWIN v. MORGAN. (No. 2007.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 17, 1918.)

1. BOUNDARIES ⊂⇒25—CONFLICTING SURVEYS —PRIORITY.

If there was a conflict between the two surveys in question, the older survey would hold the land.

2. APPEAL AND ERROR ⊂⇒1010(1)—JUDGMENT SUPPORTED BY FINDINGS—REVIEW.

There being no error in the judgment if a corner of survey owned by defendant was at point shown by plat in the record sent to court on appeal, and there being evidence authorizing a finding that the corner was at such point, judgment will be affirmed.

Appeal from District Court, Gregg County; Daniel Walker, Judge.

Suit by G. A. Erwin against C. L. Morgan and another. The unnamed defendant having answered that he did not claim an interest in the land involved, suit was dismissed so far as it was against him. Judgment for defendant named, and plaintiff appeals. Affirmed.

F. B. Martin, of Longview, for appellant.
Young & Stinchcomb, of Longview, for appellee.

---

WILLSON, C. J. The suit was by appellant against appellee and A. E. Morgan to try the title to 71 acres of land described by metes and bounds and alleged to be a part of the Henry G. Hudson survey in Gregg county.

A. E. Morgan having answered that he did not claim to own an interest in the land, the suit was dismissed so far as it was against him.

The controversy between appellant and appellee was as to whether the land sued for was a part of said Henry G. Hudson survey, which appellant owned, or a part of the John Anderson survey, which appellee owned. It was determined in favor of appellee, and judgment that he be quieted in his title to the land was rendered.

[1] The insistence here is that it appeared, because of a conflict, that about 18 acres of the 71 acres sued for were included in both the Hudson survey and the Anderson survey, and that appellant was entitled to judgment because the Hudson survey, which he owned, was made and patented after the Anderson survey, which appellee owned was made and patented. The insistence, so far as it is for the proposition of law indicated, is not tenable; for if there was a conflict between the two surveys the older survey would hold the land. Dallas Hunting & Fishing Club v. Nash, 202 S. W. 1032.

[2] It is clear, we think, that there is no error in the judgment if the southeast corner of the Anderson survey is at the point it is shown to be by the plat constituting a part of the record sent to this court—that is, at a point 326 varas S. 80 E. of the N. E. corner of the G. H. Tutt survey. The judgment involves a finding, if necessary to support it, that said corner of the Anderson survey is at that point, and we think there is evidence in the record which authorizes such a finding.

The judgment is affirmed.