## DORIS AND A. J. HOCKENHULL v. STROM CONSTRUCTION COMPANY.[1]

February 13, 1942.

No. 33,086.

[1]Reported in 2 N. W. (2d) 430.

*A. R. English* and *Frank J. Zima,* for appellants.
*Durham & Swanson,* for respondent.

HILTON, JUSTICE.

In an action to recover for personal injuries and property damage alleged to have been caused by the negligence of defendant's employe in the operation of a road sweeper upon the wrong side of the highway, the trial judge directed a verdict for defendant at the conclusion of plaintiffs' evidence. The question presented is whether a road contractor, though not subject to the provisions of the highway traffic regulation act, may nevertheless be liable at common law for failing to observe the standard of reasonable care in his operations upon the highway. If so, was there enough evidence of negligence to make a fact issue for the jury?

While traveling directly south over a black top (bituminous treated) pavement, plaintiffs, husband and wife, came upon signs warning that road construction was under progress and to drive with care. Slowing their speed and keeping to the west lane of traffic, they entered upon this section of the highway. The road was dusty. Visibility, which at first was rather good, steadily decreased the farther along the highway they proceeded. Located in the middle of the highway was a windrow of gravel (estimated by plaintiffs to have been from three to four feet high and from four to five feet wide), waiting to be used in the bituminous process. After passing the second of two northbound cars, which added to the dust, plaintiffs responded to the diminishing visibility by further reducing their speed to 10 or 15 miles per hour. Then, at a distance of 75 to 100 feet ahead, they noticed "an enormous

cloud of dust coming" toward them, in which, at 50 feet, "we saw something," identified by the wife as a truck driven by a man. Other than stopping the car, which was done immediately, plaintiffs did nothing to remove themselves from the path of the oncoming vehicle. Passage to the right of the truck was made impossible by the presence of a deep ditch. Except by crossing the windrow as other cars had done during the day, passage to the left between the windrow and the truck was not feasible.

From the collision the Hockenhull car was driven backwards in a northeasterly direction. Responsible for the "enormous cloud of dust" was a rotary brush attached to the front of the truck and so arranged that the gravel was swept from the shoulder and the pavement into the windrow at the center. Because the brush had only a forward motion, it was necessary for the truck to be operated on the left side of the highway. With its lights on, the truck was moving forward in super low gear at a speed of three to four miles per hour at the time of the collision. After the accident, the driver of the truck stated, according to Mr. Hockenhull, that "he had the door open, watching the shoulder, looking out of the side, and he didn't know that I was there until he hit me." Because of the heavy dust in front of the truck, the driver confessed the necessity of having "to watch the edge of the shoulder" so he "could see how to operate" the sweeper.

Conceding that defendant, being "actually engaged in work upon the roadway of a highway" (Mason St. 1940 Supp. § 2720-155[d]), is not subject to the provisions of the highway traffic regulation act (§§ 2720-151 to 2720-294) as decided by this court in Johnson v. Bergquist, 184 Minn. 576, 239 N. W. 722, plaintiffs nevertheless insist that this immunity does not also extend to common-law negligence. Defendant, however, contends that the act embraces all conduct conceivably negligent at common law, and, since it is excluded from the application of the act, there can be no liability under the evidence. Further, that if all common-law negligence is not embraced in the act, still there is no evidence of such negligence. Lastly, in traveling upon this road, plaintiffs assumed all risks of harm.

We think that the trial judge improperly directed a verdict for the defendant. Nothing in the highway traffic regulation act leads to the conviction that it was intended to supersede the common law upon the subject of negligence. Because one engaged in work upon the highway could not be expected to comply with provisions as to turning and starting (§§ 2720-190 to 2720-195), right of way (§§ 2720-196 to 2720-201), stopping, standing, and parking (§§ 2720-217 to 2720-220), and the other specific regulations of the act, such persons were specifically excluded from its application. § 2720-155(d). However, that exclusion cannot be understood as legislative direction that such persons shall similarly be exempt from the mandate of the common law imposing the obligation of reasonable care commensurate with the circumstances upon those who in discharging contract duties must pursue activities upon the public way.

It seems to us that reasonable minds, functioning judicially, could well have concluded that more in the way of precaution was required from defendant than sending out an unescorted road sweeper for use upon the wrong side of the highway. If, in the operation of the sweeper, production of dust and presence upon the wrong lane of the highway were essential phases of performing the contract, a jury could properly hold defendant to reasonable foresight as to how such operations would affect motorists lawfully upon the highway. Defendant's complete reliance upon the ingenuity and agility of the particular motorist to escape any danger may not have been entirely proper. Certainly the lot of the motorists who tried to avoid the consequences of this collision was not an enviable one. To his right was a ditch too deep to be inviting. To his left, for all he may have known under prevailing conditions of visibility, other cars could have been driving north. And even in order to take this dubious way out, plaintiffs were required to cross over a sizable (though not as large as they estimated) ridge of gravel. Under those circumstances, a reasonable motorist might have believed that his only chance of escape was to stop and hope that the operator would

see him. And that failure of detection may be attributed to the inadequate precautions taken by defendant to warn, direct, or assist those foreseeably in the position of plaintiffs. Clearly, the defendant may not hide behind the rule of the highway department permitting travel upon this road to shift to plaintiffs the whole responsibility for having brought themselves into a position of risk. Having complied with the obligation to proceed with care, the plaintiffs cannot be held to have known that they traveled at their own risk or to have fully assumed all risks of harm from whatever the source, including the negligence of those charged with repairing the road. Nevertheless, plaintiffs' conduct, like that of defendant, was equally as much open to the scrutiny of the reasonable man. We here offer nothing which should be construed as indicative of our views upon the merits. We merely suggest some of the factors which should be considered by the triers of fact in placing the ultimate onus of fault.

Order reversed.

[1]Reported in 2 N. W. (2d) 433.