PAZIK, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & TRANSPORT COMPANY, Respondent.*

*September 13—October 10, 1944.*

For the appellant there were briefs by *Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* of counsel, all of Milwaukee, and oral argument by *Mr. Prosser.*

* Motion for rehearing denied, without costs, on December 19, 1944.

FOWLER, J. The action is to recover for injuries sustained by the plaintiff through alleged negligence of the driver of a passenger bus operated by the defendant. The plaintiff was lame and used crutches in walking.

Trial was had to a jury and the case was submitted by a special verdict. By their answers to the questions submitted the jury found that: (1) The plaintiff was injured while a passenger on the bus; (2) the bus driver knew of plaintiff's physical infirmities when she entered the bus; (3) the bus driver was negligent in failing to assist plaintiff in arising from her seat to alight from the bus; (4) the negligence found was an efficient cause of the plaintiff's injuries; (5) the plaintiff was not negligent in attempting to arise from her seat without first requesting assistance from the bus driver; (6) damages of $10,000 were assessed.

On motions after verdict the court held that the answers to all questions but the one numbered (3) above were sustained by the evidence; held that the answer to (3) was not so sustained; changed the answer to that question to find the bus driver not negligent; and entered judgment dismissing the complaint.

The ground of plaintiff's appeal is that the answer to question (3) is supported by the evidence and the court erred in changing it, wherefore judgment should have been entered for the plaintiff.

The question for determination thus is whether under the circumstances shown by the evidence the bus driver was under duty to assist the plaintiff to arise from her seat. The only evidence to support the finding of the jury is that of the plaintiff herself. She testified that she asked the bus driver to help her board the bus and he did so and conducted her to a seat immediately behind the driver when seated operating the bus. The seat to which he conducted her faced the bus aisle. A curtain hung immediately behind the driver. The driver's seat was on a platform a few inches above the floor of the bus.

The plaintiff did not alight from the bus where she should have alighted and on her so telling the driver he suggested that she go to the end of his route and get off on his return trip. On the return trip she was anxious not to miss alighting at the proper place again. Before getting to the place she asked the driver "not to forget" her and he told her he would not. The driver knew where she wanted to alight. On hearing the street corner where she was to alight the plaintiff recognized it. When the bus stopped most of the passengers got off the bus. The plaintiff waited as she customarily did until the aisle was clear of boarding and alighting passengers as her crutches were a hindrance in moving in the crowd. As the last alighting passenger was going down the steps she attempted to arise, and a crutch or her foot somehow caught or collided with the rise to the platform of the driver's seat and she stumbled and fell before beginning to walk. Her hip was broken by her fall. She did not ask the driver to assist her in arising or speak to him until she told him she fell and could not get up. He then helped her up. She had not theretofore asked the driver to help her off. As to why she did not ask him to help her off she testified:

"*A*. Well, in the first place, I thought—Everybody was getting off and I stayed back because I didn't want to get mixed up with the crowd getting off. I stayed back. Then I saw that everybody else was getting off. I thought he might take me past my place again and would probably forget me so I started to get up myself. *Q*. Then you fell? *A*. Yes."

She depended on her crutches entirely to raise herself. It was only on getting on streetcars with high steps that she needed assistance. She did not necessarily have trouble in sitting down or getting up in streetcars. She never fell unless there was something in her way that made her fall. All this was her own testimony. By undisputed testimony of others she arose from chairs and streetcar seats and went up and

down stairs without aid, and moved without aid in traversing the aisles of streetcars. She was fifty-two years of age.

From the undisputed facts above stated we consider that the circuit court rightly changed the answer to question (3) of the verdict and entered judgment of dismissal on the amended verdict. We perceive no duty on the part of the driver of a passenger bus to assist an adult passenger thereon who uses crutches in walking whom on request he has aided to board the bus, to go to the passenger's seat and assist the passenger to rise from it when she is about to alight, when not requested to do so, although he knows where she is to alight.

It should be noted that the jury found the plaintiff not negligent in attempting to arise without aid. If knowledge were attributable to the driver that plaintiff needed aid to arise, it would certainly be attributable to the plaintiff, who certainly knew her own condition better than the driver could possibly have known it. If the driver was negligent in not assisting her to rise, she with like reason was negligent in attempting to rise without asking his assistance when he was sitting within a foot or two from her.

Much was made upon the argument that the driver was under the law bound to exercise toward the plaintiff the highest degree of care consistent with the practical operation of the common carrier of passengers he was operating. Even so, he was not bound to exercise a higher degree of care toward protecting the plaintiff in her personal movements than she was bound to exercise herself, and if he was negligent in that respect she was equally negligent and under the comparative-negligence statute, sec. 331.045, could not recover.

Some decisions are cited by plaintiff's counsel to the effect that operators of common carriers of passengers are under some circumstances bound to render aid to crippled passengers in boarding and alighting. However, none impose the duty of aiding them in the mere simple act of rising from their

seats to alight, especially in absence of request for such assistance, and none approach declaring any such a standard of care. We perceive no need or occasion to cite here cases not directly to the instant point.

*By the Court.*—The judgment of the circuit court is affirmed.