**J. S. WHITE et ux., Appellants,**

v.

**SOUTHWEST COACHES, Inc., Appellee.**

No. 3252.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1956.

Rehearing Denied Aug. 4, 1956.

E. W. Napier, Wichita Falls, Tom Davis, Haskell, for appellants.

Strasburger, Price, Kelton & Martin, Dallas, for appellee.

LONG, Justice.

On August 18, 1954, J. S. White and wife, Mary Ethel White, were passengers on a bus being operated by Southwest Coaches, Inc. They boarded the bus at Abilene, Texas about eight o'clock a. m. on said date and arrived at Haskell, Texas about one hour thereafter. They alighted from the bus and were proceeding to the bus depot located in the Haskell Hotel when Mrs. White fell and fractured her leg while she was attempting to ascend a curb in front of the hotel. This is a suit by the Whites against the bus company for damages as a result of injuries sustained by Mrs. White. The Whites alleged the bus company was negligent in the following particulars:

"1. In discharging the passengers in the road.

"2. In failing to discharge the passengers on the sidewalk.

"3. In failing to assist the plaintiff, Mary Ethel White on to the sidewalk.

"4. In failing to carry Mrs. White's luggage from the bus to the sidewalk and into defendant's depot.

"5. In failing to maintain a safe place for discharging its passengers.

"That each of such acts and omissions was a proximate cause of plaintiff's injuries."

The bus company alleged the Whites were guilty of contributory negligence in several respects. The jury acquitted all parties of negligence and found that the injuries of Mrs. White were the result of an unavoidable accident. Judgment was rendered for the bus company. The Whites have appealed.

■ Appellants by their first point contend the trial court erred in refusing to give the following requested instruction:

"Negligence, as that term is used in this charge in connection with the conduct of the defendant and its employees, means that high degree of care and prudence which very cautious, competent persons would have used under the same or similar circumstances."

The court in the main charge gave the following instruction:

"C. 'Negligence' is the doing of that which an ordinary prudent person would not have done under the same or similar circumstances, or the failure to do that which such person would have done under like circumstances."

Appellants made no objection to the court's definition of negligence and thus approved, or at least acquiesced in, the instructions given by the court. Appellants are not in position to complain of the refusal of their requested definition of negligence. The law seems to be well settled that if the court charges on a matter no complaint can be made of such charge in the absence of a proper objection duly and timely made pointing out the claimed error. It can readily be seen that if the court had given the requested instruction that it would have been in conflict with the instruction given in the main charge.

"Where no errors are pointed out in the court's charge, the presumption is that it is correct. The inconsistency of a special charge with the court's charge might or might not be observed or become readily apparent, and to give a special charge which contradicts the court's charge would cause a mistrial of the case or a reversal of the judgment. To reverse and remand a cause because the court refused a special charge which is inconsistent with the court's charge, which is not objected to, is to give the special charge the status or effect of an objection to the court's charge. Either course would relieve the party of his duty of making objection to the court's charge and of pointing out any errors he conceived to be therein. The statute would become a dead letter, and its wholesome purpose dissipated." Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920, 921.

See also 41-B Tex.Jur. Sec. 548, p. 748; 41-B Tex.Jur. Sec. 549, p. 750; City of Denton v. Hunt, Tex.Civ.App., 235 S.W.2d 212; Texas Rules of Civil Procedure, rule 274. Appellants' first point is overruled.

■ By another point appellants urge that the appellee was negligent as a matter of law in discharging Mrs. White from the bus in the street at Haskell. We find no merit in this point. From a close study of the record we have become convinced that an instructed verdict would have been proper.

The evidence discloses that when the bus arrived in Haskell Mrs. White and her husband both alighted from the bus with the assistance of the bus driver; that they made no request of the bus driver to assist them any further; that they proceeded around the front of the bus and when they reached the sidewalk Mrs. White placed her luggage on the sidewalk and attempted to ascend from the curb onto the sidewalk. What caused her fall is unexplained. From the pictures of the step and sidewalk appearing in the record there is nothing about the step from the street to the sidewalk that appears to be unusual or hazardous. Mrs. White had ridden this bus before and had used this step on several occasions. There was evidence that Mrs. White had received a prior injury to her other leg. Testifying as to how the fall occurred, she said:

"My ankle gave way some way or other and it caused me to fall backward. I don't know what happened.

"Some way or another I couldn't get my foot up and I went back. I don't know how I fell; I don't know.

"I couldn't tell you what caused me to fall, for I don't know.

"Q. You simply don't know what caused you to fall? A. I don't know, only that when I went to fall, why that —I felt that ankle give some way, in that ankle; and you see, it was up on there and the—it just felt like the ankle turned and it caused me to take that fall. I don't know."

Mr. White testified that he did not know what caused his wife to fall. We find the evidence insufficient to require the court to submit to the jury any acts of negligence on the part of the appellee which were the proximate cause of Mrs. White's injuries. She was not hit by any traffic from the street. The bus stopped at its usual and customary place for discharging passengers. Neither Mrs. White nor her husband requested the bus driver to carry their baggage or to assist them into the bus depot. Without any charge appellants could have checked their baggage. Appellee would have removed it from the bus and placed it in the bus depot. Appellants chose to carry their baggage and did not avail themselves of this service. However, carrying the baggage had no connection with her fall. She had placed her baggage on the sidewalk before she fell. The bus driver could not foresee that Mrs. White would fall as she attempted to step from the curb onto the sidewalk. Both Mr. and Mrs. White were past seventy years of age and were feeble to some extent. It is true that their condition was known to the bus driver, but there is no act or omission on his part that was sufficient to take the case to the jury on negligence and proximate cause. There was no showing of anything the bus driver did or failed to do which caused Mrs. White to fall. Pazik v. Milwaukee Electric Ry. & Transport Co., 245 Wis. 583, 15 N.W.2d 804; Allen v. Dillman, Ky., 249 S.W.2d 23 and Houston Transit Co. v. Zimmerman, Tex.Civ.App., 200 S.W.2d 848.

Furthermore, if it should be held that issues of fact were raised by the pleadings and evidence, all of these issues on which appellants relied for recovery were found by the jury against them. The jury also found that Mrs. White's injuries were the result of an unavoidable accident. These findings require a judgment for appellee. We find no merit in this appeal. The judgment of the trial court is therefore affirmed.