Priscilla McCradic BROWN et vir,
Appellants,

v.

Dorothy M. HALFIN et al., Appellees.

No. 13010.

Court of Civil Appeals of Texas.

Galveston.

Oct. 4, 1956.

Rehearing Denied Oct. 25, 1956.

Charles B. Everett, Aynesworth & Mann and Kenneth H. Aynesworth, Jr., Houston, for appellants.

Albert Stein, Houston, for appellees.

HAMBLEN, Chief Judge.

Appellees instituted this suit in the District Court of Harris County, seeking a partition of land in the City of Houston. Appellants cross-acted in trespass to try title, asserting sole ownership of the land to be in appellant, Priscilla McCradic Brown; and in the alternative sought an adjustment of equities. Trial was before a jury which, in response to special issues, returned a verdict upon which the trial court entered judgment in favor of appellees for the partition of the land involved. The judgment also provided for an adjustment of equities between the parties, but that portion of the judgment is not attacked on this appeal. In so far as the judgment denies Priscilla McCradic Brown's claim of sole ownership in the land and orders a partition thereof, it is attacked by appellants in two points of error. For reasons which will be discussed, we are of the opinion that neither of appellants' points is well-taken; and that the judgment of the trial court must be affirmed.

The following facts are undisputed: Appellant, Priscilla McCradic Brown, and those appellees who are real parties at interest in this litigation (they being joined formally by their respective spouses), are the children and sole heirs at law of Wesley and Annie McCradic, who died intestate in 1948 and 1951, respectively. Prior to May 15, 1930, appellant, Priscilla McCradic Brown, was the owner of a house and lot in the City of Houston which, for our purposes, can be described as 711 Paige Street. On that date appellant, who was then known as Priscilla Coleman, conveyed such property to her parents, Wesley and Annie McCradic, by general warranty deed, reciting a consideration of "$10.00 cash, and other considerations to me moving from my said parents." This deed was filed for record May 16, 1930. On March 10, 1931, A. S. Moody by general warranty deed conveyed to Wesley McCradic and wife, Annie McCradic, a certain house and lot in the City of Houston which, for our purposes, will be described as 5401 Suez Street. This deed recites a consideration of $1,392.43 cash, and shows to have been filed of record on March 20, 1931. 5401 Suez Street is the property involved in this

litigation. On March 16, 1931, Wesley McCradic and wife, Annie McCradic, by general warranty deed conveyed the 711 Paige Street property to A. S. Moody for a recited consideration of $2,238.19 cash. This deed was filed for record on April 9, 1931.

Appellants' cross-action in trespass to try title, upon which this trial proceeded, contains allegations, the substance of which is to the effect that the conveyance from appellant, Priscilla McCradic Brown, to her parents of the 711 Paige Street property on May 15, 1930, was made without consideration with the express understanding between all interested parties that that property would be used by her parents as the consideration for the conveyance to them by A. S. Moody of the 5401 Suez Street property. Appellants alleged that the understanding and agreement comprehended that "title would be taken in the names of Wesley McCradic and his wife, Annie McCradic, the grantees named in said deed, for said defendants as well as for said named grantees, the respective interests and ownership therein being a cotenancy between Wesley McCradic and Annie McCradic, on the one hand, and said defendant on the other, for the life of said Wesley McCradic and Annie McCradic, and the survivor of them, and at the death of both of them the said defendant to have the full fee simple title to such land and premises, or stated otherwise, full fee simple title in said defendant subject to a life estate in an undivided interest therein and thereto in the said Wesley McCradic and Annie McCradic, the aforesaid deed conveying said property to the grantees therein named in their own right and in trust for said defendant * * *."

Appellants also alleged estoppel in general terms defensively to appellees' assertion of title. During the trial appellants sought leave to file trial amendments alleging in detail the arguments of estoppel against appellees, but leave to file was refused by the trial court.

The case was submitted to the jury on special issues, the first four of which, being all that are material to this appeal, and the jury's verdict responsive thereto, are as follows:

"1. Do you find from a preponderance of the evidence that at the time the Defendant and Cross Plaintiff, Priscilla Mc-Cradic Brown, executed the deed of May 15, 1930 to her parents, Wesley McCradic and Annie McCradic, covering Lot 10, Block 513 of the City of Houston, her brother, Wesley McCradic, told her or represented to her that said property would be used in buying a home for her parents, from A. S. Moody, and that same home would be taken in her name, with the understanding that her parents could use the place during their lifetime?

"Answer 'We do' or 'We do not'."

Answered "We do not."

"If you have answered Special Issue No. 1 'We do', and only in that event, then answer:

"2. Do you find from a preponderance of the evidence that the Defendant and Cross Plaintiff, Priscilla McCradic Brown, relied upon said statement, if any you have so found was made by her brother, Wesley McCradic?

"Answer 'We do' or 'We do not'."

This special issue was not answered.

"If you have answered Special Issue No. 2 'We do', and only in that event, then answer:

"3. Do you find from a preponderance of the evidence that if her brother, Wesley McCradic, had not made such statement, if any you have found he did so make to her, she would not have executed the deed dated May 15, 1930?

"Answer 'We do' or 'We do not'."

This special issue was not answered.

"4. Do you find from a preponderance of the evidence that the property deeded by Priscilla McCradic Brown (then Priscilla Coleman) was used by her parents in purchasing the property in question from A. S. Moody, as evidenced by a deed dated March 10, 1931?

"Answer 'We do' or 'We do not'."

Answered "We do."

It appears that the case was submitted to the jury upon the appellants' theory of estoppel alleged in their tendered trial amendments. The reason for such submission, in view of the court's order denying leave to file such amendments, is not disclosed; however, the question is immaterial, particularly in view of the jury's stated findings which are not attacked by appellants.

Appellant Priscilla McCradic Brown's first point is to the effect that the trial court should have rendered judgment in her favor upon such verdict "a trust having resulted in her favor from her having provided the entire consideration for its purchase."

■ Appellees, in answer, rely on the proposition that a resulting trust must arise, if at all, at the instant the legal title passes. They argue that since title to the Suez Street property vested in the parents some six days before their conveyance of the 711 Paige Street property to A. S. Moody, there is no support in the record for the submission of Special Issue No. 4 to the jury, and the verdict responsive to that issue should be disregarded. While we have no argument with the major premise of appellees' answering argument, we do not find it necessary to determine whether that legal proposition has application to the facts before us. Appellees filed no motion for judgment non obstante veredicto and therefore, under the provisions of Rule 301, Texas Rules of Civil Procedure, are in no position to undertake to support the judgment by attacking the verdict whether or not it has support in the record. The judgment appealed from purports to have been rendered on the verdict of the jury and in the light of the record before us must under the provisions of Rule 301, T.R.C.P., be supported, if at all, upon and in conformity with the verdict.

■ We are of the opinion that the judgment can be so supported. Appellant Priscilla McCradic Brown concedes, and we would in any event hold, that the verdict responsive to Special Issue No. 4, standing alone, does not establish any beneficial interest in said appellant in the property in dispute. She contends that the undisputed evidence establishes that she received no consideration for the conveyance of the 711 Paige Street property to her parents, and that the use of that property by her parents in purchasing the 5401 Suez Street property, as found by the jury, establishes in her by way of a resulting trust, the beneficial ownership of the 5401 Suez Street property. Appellant concedes that the elements necessary to establish an express trust are not present. She further concedes that since she made no request for a jury finding upon the issue of consideration, it must be presumed that the trial court found any fact necessary to support the judgment which the record will support. Stated simply, she concedes that her point is without merit unless the record compels a finding that the deed from her to her parents of the 711 Paige Street property was without consideration.

■ We are unable to agree that the record compels such a finding. No principle of law is better established than that a deed in proper form imports a consideration. Robertson v. Hefley, 55 Tex. Civ.App. 368, 118 S.W. 1159. Upon the introduction in evidence of the deed from appellant, Priscilla McCradic Brown, to her parents, the burden rested upon her to establish, and, in so far as this appeal is

concerned, to conclusively establish, that in fact no consideration was paid.

In her brief appellant undertakes to point out to this Court the evidence which she contends conclusively establishes lack of consideration for her conveyance to her parents. She first undertook to testify to conversations with her parents respecting the transaction, but upon objection made under Article 3716, V.A.T.S., that testimony was excluded. That ruling is the subject matter of appellant's second point. Appellant next directs our attention to her testimony relative to the occasion on which she signed the deed in A. S. Moody's office. She was asked the question: "Or did you get anything in return for it in the way of money or other consideration at the time you executed it?" To this question she answered, "No." When this testimony is examined in connection with the preceding and following interrogation of the witness, and the objection of counsel made thereto, it is disclosed that on the occasion about which the witness was testifying her brother, Wesley McCradic, was present. The inference is permissible that the quoted question was asked for the purpose of establishing that his brother paid appellant nothing; however, even standing alone out of context and assuming the truth of the testimony, it establishes at most that nothing was paid appellant at the particular time inquired about, and does not conclusively establish that she received no consideration for her conveyance.

Appellant also quotes the following portion of her testimony taken from the statement of facts:

"A. I told him, I said, 'Well, you know this place belongs to me over here.' I says, 'Now, if I am going to have a home over here where I am signing to, I will sign for the old people to get in the clear.' So they all said, 'You get the place over there,' and begged me to go ahead and sign; so I went and signed for a place to stay over there. Swapping places, I thought."

Again, when the quoted testimony is examined in connection with the preceding and following portions thereof, it is apparent that it was directed toward appellant's allegations of estoppel; but of compelling importance in so far as our conclusion that appellant's contention must be overruled is concerned, is the fact that all of the proof upon which appellant relies, or could rely under this record, consists of the testimony of appellant herself. No authority need be cited for the proposition that testimony from an interested party is not binding on the fact finder. The fact that appellant's brother, who was present in the courtroom during the trial, failed to take the stand and deny appellant's testimony, and the fact that appellant entered into possession of the Suez Street property with her parents immediately after the conveyance to them and has so remained, are but circumstances having persuasive but not compelling effect.

Courts of this State have often stated that in order to engraft a trust upon real property by parol the proof must be clear and convincing. While the yardstick by which proof should be measured to determine whether or not it meets that test has never been clearly defined, it has been contended that testimony of the person claiming the trust estate, standing alone, is insufficient to establish its existence. Jackson v. Hernandez, Tex.Civ.App., 274 S. W.2d 131. This Court overruled that contention in the cited case. In affirming this Court upon that point, the Supreme Court used the following language: "By her third point, petitioner says that the evidence, which is reviewed in some detail by the Court of Civil Appeals, is not sufficient to engraft a trust in favor of respondent on the land in question. Proof of the agreement between Mrs. Castro and respondent depends almost entirely upon respondent's testimony, but a number of disinterested witnesses testified to statements by Mrs. Castro confirming that the purchase price had been paid by, and that

the property belonged to, respondent. * * we cannot say, as a matter of law, that there is no evidence to support findings by the trial court * * *." Jackson v. Hernandez, Tex., 285 S.W.2d 184, 191. We think it significant that in passing upon the issue of "no evidence" the Supreme Court attached some weight to the fact that respondent's testimony was to some extent corroborated by disinterested witnesses. We do not intend to imply that the question of "no consideration" was not raised by the evidence in this record. Since appellant, having the burden to do so, requested no issue upon that fact, that question is not before us. We quote the Supreme Court opinion in support of our holding that appellant's testimony, standing alone as it does in this record, cannot under any circumstances be said to compel a finding of resulting trust in her favor.

Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331, which appellant cites, appears to us to have no application to this case. In that case appellee sought to establish a beneficial interest in land upon the theory of an express trust as well as upon the theory of a resulting trust. The jury held against her contentions relative to an express trust, but found that she furnished the consideration used to purchase the land in controversy. Judgment was entered and affirmed in the cited opinion establishing her interest in the land under the theory of resulting trust. The distinction between that case and this rests in the fact that here we have no finding that appellant furnished the consideration used to purchase the Suez Street property.

We agree with appellant that there would exist a presumption against donative intent in a conveyance from a child to a parent, but do not see how that presumption aids her in the absence of a finding of "no consideration."

■ Appellant's second point is directed to the action of the trial court in excluding her testimony relating to conversations between her and her parents concerning her conveyance to them. Appellant concedes that the proffered testimony, which appears in a bill of exceptions, constitutes testimony as to a transaction with the deceased, but contends that the appellees have waived the prohibition of Article 3716, V.A.T.S., by virtue of having called appellant to testify thereto. In her brief appellant directs our attention to the fact that she was cross-examined regarding what each of her parents had said about their various marriages, about the number of her mother's children, the date of her mother's death and about living with her mother at the time of the mother's death. In oral argument she concedes that this testimony is not so related to the transaction about which she sought to testify as to effect a waiver of the statutory prohibition. Appellant also directs our attention to the following question and answer appearing in the statement of facts:

"Q. To whom did you tell that you were the sole owner of this property after your mother died? A. Well, I told everybody and my mother told everybody." The portion of the answer as to what the mother said or did is clearly not responsive to the question asked and cannot effect a waiver of the statute. Stanley v. Stanley, Tex. Civ.App., 139 S.W.2d 876.

Finally, she rests her assertion of a waiver of the statute upon the fact that under the provisions of Rule 169, T.R.C.P., requests for admissions were served upon her by appellees, including one numbered 13, as follows:

"By deed dated March 10, 1931, A. S. Moody conveyed to your parents, Wesley McCradic and Annie McCradic, property described therein as Lot 6 in Block 14 of Inglewood Addition to the City of Houston, in Harris County, Texas," with Priscilla's answer, "Yes."

As authority for her proposition appellant cites an advisory opinion of the Sub-

**296**

committee on the Interpretation of the Rules, annotated under Rule 169, Vernon's Annotated Rules of Civil Procedure, on page 521, as follows: "If the taking of a deposition developing a matter within the bar of Article 3716 serves to waive the bar, the obtaining of such matter by means of Rule 169 has that effect also."

■ Regardless of whether or not the advisory opinion is correct as a general proposition, it has no application and lends no support to appellant's present contention. It has been said that the test as to whether the statement of facts constitutes a transaction with the deceased is: If the witness offered should testify falsely, could the deceased, if living, controvert it of his own personal knowledge? Dakoff v. National Bank of Commerce, Tex.Civ.App., 254 S.W.2d 550, and cases therein cited. In applying that test to the fact which appellant was requested to admit, it becomes apparent that that fact did not constitute a transaction with the deceased. The deed from A. S. Moody to appellant's parents is a matter of public record. The fact inquired about could have been readily and conclusively established by resort to such record. The fact of the conveyance was not a disputed issue between the litigants. It is as essential to appellees' chain of title as to appellant's. Resort was had to Rule 169 to accomplish the very purpose for the accomplishment of which the rule was enacted, namely, to expedite the trial of the case. Aside from that fact, a deed from A. S. Moody to appellant's parents is not under any possible construction either a transaction or a conversation with or between appellant and the deceased. It is patently a transaction between appellant's parents and a third person, as to which Article 3716 has no application. The distinction is made clear in Edelstein v. Brown, Tex.Civ.App., 95 S.W. 1126.

Judgment affirmed.

CODY, J., not sitting.