**Ethel BRABSON, a Widow, Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

No. 13554.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1960.

Rehearing Denied March 3, 1960.

---

Stahl & Sohn, San Antonio, for appellant.

Eskridge, Groce & Hebdon, Richard Tinsman, San Antonio, for appellees.

POPE, Justice.

Plaintiff, Ethel Brabson, has appealed from a judgment which denied her recovery for serious personal injuries by reason of findings that she was contributorily negligent in crossing a street intersection outside a pedestrian crosswalk. She has appealed upon the grounds that there is no evidence in support of the findings and that the findings are against the great weight and preponderance of the evidence. We affirm the judgment.

Florida Street runs east and west and is intersected by Hackberry Street. Plaintiff walked to the northwest corner of the intersection. A bus stop was at the southeast corner. She was going to the bus stop, but contended at the trial that she walked directly east toward the northeast corner, from where she would then walk directly south. A vehicle owned by defendants, City of San Antonio and the City Water Board, was proceeding south on Hackberry Street and it struck plaintiff at a point about the middle of Hackberry. The jury found that defendants' driver was negligent for several reasons, but also found that plaintiff was crossing the intersection outside the crosswalk as defined in the court's charge, and failed to yield the right-of-way, that this was negligence, and a proximate cause.

Plaintiff argues that there is no evidence that she was crossing the intersection outside a crosswalk. She arrives at this conclusion by these steps in her argument. First, the court defined the term "crosswalk" as "that part of a roadway at an intersection included within the connection of the lateral lines of the sidewalk on opposite sides of the highway, measured from the curbs, or in the absence of curbs, from the edges of the traversable roadway. The crosswalk may be either marked or unmarked." There were no objections to that definition, which follows Article 6701d, § 15. She next argues that all the evidence shows that there was a "paved" sidewalk parallel to Florida Street on the west side of Hackberry Street, but none on the east side of Hackberry. She argues that there can be no crosswalk unless there are two "paved" sidewalks opposite each other.

She then concludes that the jury could not find that she crossed outside of the crosswalk when all the evidence is that there was no crosswalk.

To reach her conclusion, plaintiff must add a word to and change the meaning of the court's definition. She does this by changing the term "sidewalk" to "paved sidewalk." She assumes that the only kind of a sidewalk is one that is "paved." Since there were not "paved" sidewalks on opposite sides of Hackberry north of Florida, therefore, she reasons that there was no crosswalk. We can not follow the reasoning which would require us, as a predicate to a conclusion of reversible error, to take as a major premise a definition of terms entirely different from that which in fact the court used.

 When we look to the heart of all of plaintiff's points, we find that they are not really claims of no evidence, or that the finding is against the great weight of the evidence. The points actually are complaints that the term "sidewalk" was not defined in the manner that she would now have us assume. We find no objection to any part of the charge, and plaintiff will not now be heard to complain that the term "crosswalk" or the term "sidewalk" was inadequately defined. Rules 272, 274, 279, Texas Rules of Civil Procedure; Cox v. Huffman, Tex., 319 S.W.2d 295; Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979; White v. Southwest Coaches, Tex.Civ. App., 292 S.W.2d 823; Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92, 95; Casas v. Knorbin, Tex.Civ.App., 218 S.W.2d 289. Even if the point could be correctly called one of "no evidence", instead of an objection to the definition of terms, plaintiff made no motion for judgment notwithstanding the verdict, or to disregard the answers to the findings of contributory negligence. Rule 301, T.R.C.P.; Brown v. Halfin, Tex.Civ.App., 294 S.W.2d 290, 293.

And, finally, when we look at the whole record, we are not convinced that the jury read into the court's definition any requirement that there can be no sidewalk except one that is paved. The issue, by pleading and evidence, was clearly drawn. Plaintiff, by testimony and maps, contended that she was crossing Hackberry Street at a right angle by walking directly east. Defendants proved that she was walking diagonally across Hackberry to reach the bus stop in time to catch a bus that was then one block away. It is probably because the issue was so clearly drawn and so well understood by those in court, that plaintiff did not deem it necessary to make any advance complaints about the meaning of the charge.

The judgment is affirmed.