CHARLES HILL v. WALKER K. BAYLOR AND ANOTHER.

Where service is had by publication, and from want of time, the required number of insertions in the newspaper cannot be made before the return day of the writ,—but the publication for the prescribed period, is nevertheless made; though the service may be ineffectual for that term of the court, it is sufficient, as made to the succeeding one. The case does not differ from one of personal service, less than five days before the return day of the term.

The incorporation of a statement of facts *in the judgment*, seems to be a compliance with the statute, (O. & W. Dig. Art. 509, p. 132,) which requires, that on the rendition of any judgment, where service of process has been given by publication only, and heard *ex parte*, the court shall make out, and incorporate with the *records* of the case, a statement of the facts proven therein, on which the judgment was founded.

Objections to the admissibility of evidence, not taken below, and which, if taken, might have been obviated at the trial, cannot be first urged in this court, as a ground for reversing the judgment.

ERROR from Fayette. Tried below before the Hon. James H. Bell.

This was an action of trespass to try title to a tract of land, brought by Walker K. Baylor and another, the defendants in error, against the plaintiff in error and others.

The petition alleged, that the plaintiff in error was a non-resident of the state; it was filed on the 21st day of October, 1856. On the same day, there was issued by the clerk of the District Court, a citation for publication, as to the non-resident defendants, containing the substance of the petition; and the sheriff returned it, served by publication in a newspaper, published in the county, "for four successive weeks previous to return day." The return was dated November 17th, 1856, and filed December 3d, 1856. At the Fall Term, which began on the 17th day of November, 1856, the case was continued, "it appearing to the court, that the service in this cause has been made in part by publication."

At the Spring Term of the court, 1857, a judgment by default was rendered against the plaintiff in error, because he failed to appear and answer. A trial was had at the Fall Term, 1857, and

final judgment was rendered against all the defendants; the judgment recited, that the plaintiff in error, and the other non-resident defendants, made default, and proceeded to state the evidence adduced by the plaintiffs on the trial, by giving a description of the various deeds and muniments of title, which were read as evidence.

The first instrument was described as follows: "A deed to William M. Baylor, from the sheriff of Fayette county, Republic of Texas, and *ex officio*, assessor and collector of said county, dated on the second day of November, 1841, for the league of land in said county, known as the Alley League, in consideration of the sum of $217.10, paid on an execution levied on said league of land, under which the same was sold for the taxes due for the year 1840; which said deed was filed for record in the county clerk's office of said county, on the 23d November, 1843, and recorded on the 25th day of said month." The other instruments of evidence, were described in a similar manner, and all of them filed in court, and copied in the transcript. The oral testimony of William M. Baylor, was also set forth.

There was, in the record, no other statement of facts, and no bills of exception were taken, or instructions asked, or objected to on either side; nor was there any appearance, in the court below, for any of the non-resident defendants.

From the statement of the facts proved on the trial, it appeared, that the plaintiff introduced in evidence the copy of a certain deed, described as being a copy of an original, recorded in the county clerk's office, &c.; but there was nothing in the decree which showed that the deeds, or copies of deeds, read in evidence, had been filed, or notice given, or that, in the case of the copy, the absence of the original had been accounted for.

The plaintiff in error, among other grounds, assigned as error the following:

"The deeds in evidence were admitted as recorded instruments, when they were not filed, nor notice given as required by law.

"The copy of the deed, so called in the decree, was used in

Hill v. Baylor.

evidence, and was not filed, or notice given, and the absence of the original was not accounted for."

*W. G. Webb*, for the plaintiff in error.

*B. Shropshire*, for the defendants in error.

WHEELER, C. J.—The sheriff's return upon the writ shows, that publication had been made for four successive weeks. The return does not appear to have been made until after the expiration of four weeks. That was after the first day of the term. But no action was taken until the next succeeding term; and the plaintiff did not proceed to final judgment until the second term. If the service was not made sufficient time before the return term of this writ, it was good for the succeeding term. The defendant had until the succeeding term to answer. It is not perceived, that the case is different from that of personal service, less than five days before the return term.

The statement of facts, incorporated in the judgment, seems to be a compliance with the statute. (Hart. Dig., Art. 782.)

It is scarcely necessary to say, that objections to the admissibility of evidence not taken below, and which, if taken, might have been obviated at the trial, cannot be first urged in this court, as a ground for reversing the judgment.

There is no error in the judgment and it is affirmed.

Judgment affirmed.