## EX PARTE WILLIAM SUPER.

### No. 3519. Decided April 7, 1915.

**1.—Gaming—Misdemeanor—Plea of Guilty.**

Where the record on appeal showed that the justice of the peace contended that the mother of the relator appeared before him and entered a plea of guilty for him to a charge of gaming, upon which he entered a judgment of convic-- tion, and the record further showed that she was not authorized to enter said plea and was not an attorney at law at the time; that the defendant is of age and did not authorize her to enter said plea, such judgment was a nullity and relator is discharged on habeas corpus.

**2.—Same—Rule Stated—Plea of Guilty—Misdemeanor.**

The Constitution and the statute authorizing an accused to appear in person or by counsel, either or both, and in finable misdemeanors, a plea of guilty may be entered through his counsel, and this is the limitation placed upon pleas of guilty, and he must enter the plea himself in other cases. Following Ex parte Jones, 46 Texas Crim. Rep., 433.

Appeal from the County Court of Anderson. Tried below before the Hon. E. V. Swift.

Appeal from a habeas corpus proceeding denying relator's discharge on a void judgment before a justice of the peace on a plea of guilty to a gaming case; penalty, a fine of $10.

The opinion states the case.

*Kay & Seagler,* for appellant.—On question of plea of guilty in misdemeanor cases: Johnson v. State, 48 S. W. Rep., 70; Harkins v. Murphy et al., 112 S. W. Rep., 136; Ex parte Jones, 80 S. W. Rep., 995.

*C. C. McDonald,* Assistant Attorney General, and *Jno. R. Moore,* County Attorney, for the State.

DAVIDSON, JUDGE.—Relator having been arrested under a commitment issued by the justice of the peace under a judgment convicting him for violation of the gambling laws, resorted to a writ of habeas corpus to obtain his discharge.

The statement of facts, in substance, discloses that Emerson, justice of the peace of precinct No. 4, Anderson County, entered a judgment in favor of the State, on a complaint filed in his court, charging relator with gaming, assessing his punishment at a fine of $10. This occurred in May, 1914. On the 6th day of March, 1915, capias profine was issued to Ellis County. Relator was taken in custody and brought back and placed in jail in Anderson County. The justice of the peace testified that Mollie Super, mother of relator, appeared before him and entered a plea of guilty for relator; and it is upon this plea of guilty that the judgment was founded. The mother of relator testified that he is twenty-three years of age, being twenty-two at the time he is charged with gaming; that about the 18th day of May, 1914, she went to see the justice of the peace, Emerson, about James Super, another son, against whom there was pending a charge. She says at that time

she did not know they had any charge against relator, and that she never entered any plea of guilty for him, nor for her son James. She further testified relator did not authorize and has never authorized her to plead guilty for him; that he was at the time a grown man with a family, and that she is not an attorney at law. Relator himself testified that he was not arrested on a charge of gaming; that he never gave bond, and did not appear in court about that time nor since, and that he did not authorize his mother nor anyone else to enter a plea of guilty for him. That he did not know there was a case against him when he left Anderson County and went to Ellis County. That he is of age and married. Under this state of case relator claims he should be discharged from custody in that the judgment was void.

This question came before the court in Ex parte Jones, 46 Texas Crim. Rep., 433, and was there decided favorably to relator's contention. The Constitution and the statute authorize the defendant to appear in person or by counsel, either or both, and in finable misdemeanors a plea of guilty may be entered through his counsel. But this seems to be a limitation placed upon pleas of guilty; otherwise the law would seem to require the presence of the defendant in court, and that he enter the plea himself. This matter was discussed in the Jones case, supra, and it is unnecessary to review it further. The relator is ordered discharged from custody.

*Relator discharged.*