**FIREMEN'S INS. CO. v. HAVRON.**    (No. 48.)

(Court of Civil Appeals of Texas. Eastland. May 9, 1925. Rehearing Denied Dec. 11, 1925.)

**1. Appeal and error ⚖︎882(14)—After request to submit issues to jury had been granted, party requesting same cannot be heard to say evidence did not support verdict.**

Where insurance company had requested court to submit case to jury on special issues, which was done and answered adversely, insurance company had admitted there was conflict in testimony and could not, on appeal, be heard to say that there was no evidence to support verdict.

**2. Appeal and error ⚖︎219(2) — Insurance company who had failed to request issue as to whether evidence showed certain misrepresentations waived such defense.**

Where only issues requested by insurance company in suit on policy were submitted to jury and answered adversely, insurance company could not, on appeal, contend that evidence showed certain misrepresentations which ought to avoid policy, since by failure to request other issues it waived remaining defenses.

**3. Appeal and error ⚖︎1005(3)—Solution of conflict in testimony is committed to trial court and jury.**

Where there is conflict in testimony on all defenses, solution of such conflict is committed to trial court and jury.

**4. Appeal and error ⚖︎1050(1)—Evidence ⚖︎121(2)—Evidence that special agent of another insurance company had been present and recommended risk held admissible as res gestæ and, if inadmissible, harmless.**

In action on insurance policy, permitting insured to prove on cross-examination of insurance company's agent that, when policy was issued, special agent of another company was present and recommended risk to company's agent, *held* proper as part of res gestæ, and, if inadmissible, not of enough importance to warrant reversal.

**5. Evidence ⚖︎121(1) — Statements of bystanders, when res gestæ, are generally received in evidence.**

Statements of bystanders, when res gestæ, are generally received in evidence.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Action by Frank Havron, Sr., against the Firemen's Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

E. G. Senter, of Dallas, for appellant.
W. H. Murchison, of Haskell, for appellee.

PANNILL, C. J. This appeal is from a judgment in favor of appellee on a policy of insurance against loss by fire issued by appellant to appellee. The questions raised relate only to the issues, pleaded by appellant, of fraud of appellee's agent in procuring the policy.

At the conclusion of the evidence appellant, in writing, requested the court to submit the case to the jury on special issues, and set out in said request the issue desired to be submitted, which was as to whether appellee's agent intentionally concealed from appellant's agent that other insurance companies had declined to insure the property, and thereby procured the issuance of the policy. This issue as requested was submitted by the court to the jury in the exact words as requested by appellant, and answered by the jury in the negative.

[1] By this course appellant admitted

there was a substantial conflict in the testimony, and cannot now be heard to say that there was no evidence to support the verdict and that the court should have instructed a verdict, although no request was made therefor. Lake v. Jones Lumber Co. (Tex. Civ. App.) 233 S. W. 1011; Dallas Hunting & Fishing Club v. Nash (Tex. Civ. App.) 202 S. W. 1032.

It is not intended to say that where the court of his own motion, or on motion of plaintiff, submits the case to the jury, the defendant cannot attack the sufficiency of the testimony where he requests the submission of issues arising under the court's determination to submit the case; but where, as here, the submission is induced by the defendant's action, the defendant is precluded from afterwards asserting that the evidence is insufficient to sustain the verdict.

[2] The action of the appellant referred to, likewise, forestalls his contention that the evidence shows certain misrepresentations which ought to avoid the policy. No other issues were requested by appellant, and by such failure it waived the remaining defenses. Texas, etc., Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541; G., H. & S. A. Ry. v. Price (Tex. Com. App.) 240 S. W. 524. It is there held that where the court fails to submit a ground of recovery pleaded by plaintiff and there was no request to submit the issue omitted, it was waived. No reason appears why this rule should not govern special defenses urged by the defendant, which defendant must plead and prove.

[3] At any rate, it appears from the record that there was a conflict in the testimony on all the defenses pleaded by appellant, and under our system the solution of such conflict is committed to the trial court and the jury.

[4] Appellant makes a very insistent, persistent, and explosive attack on the action of the trial court in permitting appellee to prove on cross-examination of appellant's agent that, on the occasion when the policy was issued, a special agent of another company was present and recommended to appellant's agent to issue the policy; appellant's agent being uncertain about the matter, due to the fact that the property was located in a different town. Appellant's principal objection is that the special agent was not the agent of appellant and that it was not bound by his declarations. The evidence was not admissible on that ground, but was probably admissible as a part of the res gestæ.

[5] Statements of bystanders, when res gestæ, are generally received in evidence. The special agent was present and took part in the conversation, between appellant's agent and the agent of appellee, which resulted in issuing the policy. M., K. & T. Ry. v. Vance (Tex. Civ. App.) 41 S. W. 167. At the time that the testimony was received, appellant had before the court certain other allegations of fraudulent representations, and this evidence was probably receivable as bearing on the question as to whether appellant's agent relied on the representations of appellee's agent. However, it does not appear from the record that this matter is of enough importance to warrant a reversal, if it be conceded that the testimony objected to was not admissible. We think the testimony, instead of being against appellant, was in its favor, as it tended to prove that appellee's agent made such a statement in favor of issuing the policy that it impressed a bystander to the effect that it would be proper to issue it.

The writer does not concur in appellant's statement that to hold such testimony admissible "would be a parody on common sense and a great reflection on the judiciary." This evidently is not the result of serious reflection.

It appearing that the evidence is sufficient to support the verdict and that no reversible error is shown, the judgment is affirmed.