**RATCLIFFE v. ORMSBY et al.** (No. 307.)

Court of Civil Appeals of Texas. Eastland. June 24, 1927.

Rehearing Denied Oct. 14, 1927.

**I. Judgment ⬤➞198—Issues answered by jury being merely of evidentiary facts, held insufficient to support judgment of dismissal.**

In action by assignee of creditor to recover balance of an account, issues answered affirmatively by jury as to whether a foreign corporation induced the formation of a Texas corporation to make it as its agent in transacting business in Texas, being merely historical evidentiary facts, were insufficient to support a judgment of dismissal.

**2. Trial ⬤➞351(2)—No request having been made to submit omitted issues, they were waived.**

Where court fails to submit ground of recovery or special defense pleaded, and there is no request to submit the issue or issues omitted, such issue or issues are thereby waived.

**3. Trial ⬤➞356(6)—Mistrial resulted, where jury failed to agree on material issues.**

Where jury was unable to agree on material issues, there was a mistrial of the case.

**4. Trial ⬤➞356(6)—Trial court was not empowered to substitute its findings on independent ground of defense which was not urged.**

Where jury was unable to agree on material issues, trial court was not empowered to substitute its findings on independent ground of defense which the party alleging did not urge.

**5. Trial ⬤➞356(6)—Where jury is unable to answer material issues, trial court cannot dismiss case on ground waived by defendant.**

Where jury is unable to answer material issues submitted, it is error for trial court to dismiss case on a ground which has been waived by defendant.

Error from District Court, Dallas County.

Action by R. E. Ratcliffe against L. D. Ormsby and others. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

Davis, Synnott & Hatchell, of Dallas, for plaintiff in error.

Burgess, Burgess, Chrestman & Brundridge and L. E. Elliott, all of Dallas, for defendants in error.

HICKMAN, J. At a former day of this term an opinion was rendered in this cause affirming the judgment of the trial court on the ground that the assignments presented disclosed no error, and there was no fundamental error apparent. Upon more mature consideration of the case on rehearing we have concluded that the transcript, without reference to the statement of facts, discloses error in the rendition of this judgment, necessitating its reversal. The original opinion will therefore be withdrawn, and this opinion on rehearing substituted therefor.

Plaintiff in error, as assignee of the Republic Rubber Company of Texas, a Texas corporation, sued the defendant in error for the balance alleged to be owing to him, as assignee of said company, under the terms of a contract between the corporation and the defendants in error, whereby certain automobile tires and other accessories were sold or consigned to defendants in error. The defendants in error answered by various demurrers, a general denial, and the following special defenses:

First. That, while the contract declared upon purported to be a consignment contract, same was in truth and in fact a sales contract, which by its terms violated the antitrust laws of the state of Texas, in that it was in restraint of trade.

Second. That the Republic Rubber Company of Youngstown, Ohio, a foreign corporation, was the real party to the contract sued

upon, and was using in the conduct of its business the Texas corporation and the plaintiff in error as a means of transacting intrastate business in Texas without a permit as a foreign corporation.

Third. That plaintiff's cause of action was barred by the two and four year statutes of limitation.

Fourth. That the cause of action, if any existed, belonged to the Republic Rubber Company of Youngstown, Ohio, a foreign corporation, having no permit to transact business within the state of Texas.

Fifth. A failure and partial failure of consideration and damages to their business on account of the quality of material furnished them under their contract.

They also pleaded certain offsets not necessary to mention.

The trial court submitted the case to the jury upon five special issues, as follows:

"Special issue No. 1. Do you find from the preponderance of the evidence that the Republic Rubber Company at Youngstown, Ohio, induced the formation of the Republic Rubber Company of Texas, for the purpose of the Republic Rubber Company of Youngstown, Ohio, doing business in Texas, through the Republic Rubber Company of Texas as its agent? Answer this question 'Yes' or 'No.' Answer: Yes.

"Special issue No. 2. Do you find from the preponderance of the evidence that the Republic Rubber Company of Texas was organized for the purpose of acting as agent for the Republic Rubber Company of Youngstown, Ohio, in transacting its business in Texas? Answer this question 'Yes' or 'No.' Answer: Yes.

"Special issue No. 3. Do you find from the preponderance of the evidence that the consideration for the account sued on has wholly failed by reason of defective tires furnished by the Republic Rubber Company of Texas to the defendant, L. D. Ormsby? Answer this question 'Yes' or 'No.' Answer: ——.

"If you answer the question next above in the affirmative, you need not answer the following question. If you answer the preceding question in the negative, you will then answer the following question:

"Special issue No. 4. Do you find from the preponderance of the evidence that the consideration for the account sued on has failed in part by reason of defective tires furnished by the Republic Rubber Company? Answer this question 'Yes' or 'No.' Answer: ——.

"If you answer question No. 4 in the negative, you need not answer question No. 5; but, if you answer question No. 4 in the affirmative, then you will answer question No. 5:

"Special issue No. 5. In what amount do you find that the consideration has failed by reason of defective tires furnished by the plaintiff to the defendant, if you find that they were defective? Answer this question in dollars and cents. Answer: $——."

The first two of these issues were answered by the jury, but they were unable to agree on the answers to the remaining issues. Upon this verdict the court entered its judgment, reciting in the judgment that the jury re-turned in open court their verdict on special issues, and copied in said judgment special issues Nos. 1 and 2, with the answers of the jury thereto. No reference was made in the judgment to the fact that other issues were submitted to the jury. The judgment ordered, adjudged, and decreed that the suit be dismissed, awarded costs, and ordered the issuance of execution therefor.

[1] The only issues answered by the jury were not, in fact, issues. They were merely historical evidentiary facts, which would not support in any manner a judgment of dismissal. The substance of the first issue and the answer thereto was that an Ohio company had induced the formation of the Texas corporation for certain purposes, and the substance of the second issue was that a Texas corporation was, in fact, at some time or another in the past, organized to carry out the purposes for which the Ohio corporation induced its formation. No defense was based, or could have been based, upon these findings. Even if it be granted that it was proper for the defendants in error to prove collaterally that a Texas corporation was organized for some other purpose than that stated in its charter, it would form no defense to, or ground for, dismissal of a suit, even by that corporation, to prove this fact. The vital question of the defense with reference to the matter of conducting business by the Texas corporation was not who induced its formation, nor what purpose was in the mind of the one inducing it, but the manner and method of transacting business after it was formed, particularly with reference to the contract in suit herein.

[2] As the record comes before us, the court submitted to the jury five special issues. The only two of these answered by the jury were at most mere evidentiary facts, and not ultimate issues of fact. The other issues submitted were upon a defense pleaded by the defendant, and were, in fact, real issues raised by the pleadings and evidence. On these issues the jury presumably was unable to agree, for no answers were made thereto. The record does not disclose a request on the part of the defendants in error for the submission of other issues to the jury. It is well established by decisions of our courts that, where the court fails to submit a ground of recovery pleaded by plaintiff, or a special defense pleaded by the defendant, and there is no request to submit the issue or issues omitted, such issue or issues are thereby waived. Firemen's Insurance Co. v. Havron (Tex. Civ. App.) 277 S. W. 742, and authorities there cited.

[3, 4] As this case was submitted to the jury, all special defenses were waived, except the defense covered by special issues numbers 3, 4, and 5. The jury being unable to agree on these material issues, there was a mistrial of the case. The trial court did not

have the power to substitute its findings, where none were made by the jury, upon an independent ground of defense which the party alleging did not urge. Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541.

[5] When a case is submitted to a jury, and the jury is unable to answer the material issues submitted, it is error for the trial court to dismiss the case on a ground which has been waived by the defendant.

The judgment of the trial court will be reversed, and the cause remanded.