**KOONCE v. PERALES et al.**

**KOONCE v. LOPEZ.**

Nos. 12688, 12689.

Court of Civil Appeals of Texas.

San Antonio.

May 19, 1954.

Lewright, Dyer, Sorrell & Redford and James W. Wray, Jr., Corpus Christi, for appellant.

R. F. Luna, San Diego, for appellees.

POPE, Justice.

Both of these appeals are from orders overruling pleas of privilege. Ofelia V. Perales, a widow, individually and as next friend for her minor child, in the above cause No. 12688, sued M. B. Koonce for damages alleged to have resulted from an automobile collision between a vehicle driven by Koonce and another vehicle in which Jacinto M. Perales was riding. Jacinto M. Perales was the husband of Ofelia Perales and the father of the minor child. The plaintiffs' petition asserts that Jacinto M. Perales was killed in the collision.

The other suit, No. 12689, was commenced by Ponciano Lopez, Jr., who asserts that he was also a passenger in the vehicle which collided with the Koonce automobile.

The points in the two cases are similar, and the evidence in these cases is of the same nature as that discussed in Saenz v. Hinojosa, Tex.Civ.App., 268 S.W.2d 476. The matters there discussed are also pertinent to these cases. As in that case, the appellees have failed to file a brief.

Ernesto Molino, a deputy sheriff, was the only person called to testify. He testified with reference to the causes of the accident, though he arrived at the scene of the collision after it occurred. Other witnesses who saw the accident were available. The defendant, Koonce, objected to Molino's testimony on the grounds that (1) it was hearsay, and (2) that the witness was not qualified as an expert, as a basis for his opinions and conclusions. He did not testify to the facts in support of his conclusions. The witness stated that he first thought the Koonce vehicle was proceeding from west to east, but that he changed his mind after talking with other persons. No effort was made to show that Molino, either by reason of experience or special training, was better

able to evaluate the objective evidence than the trier of facts. He did not know the length of the skid marks and did not detail the nature and extent of damage to the vehicles. His testimony was in the nature of conclusions only. Expert opinions and conclusions are permitted when a witness is first shown to "possess special knowledge as to the very matter on which he proposes to give an opinion." Mc-Cormick & Ray, Texas Law of Evidence, § 633. Without the necessary qualifying predicate, an officer, as is the case with any other lay witness, must limit his testimony to facts. Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509.

■ Appellant's objections to the evidence should have been sustained. There being no other competent evidence, the judgments of the trial court are both reversed and the causes ordered transferred to Nueces County, in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.