**J. B. JOHNSON et ux., Appellants,**

v.

**Charles W. WOODS, Appellee.**

**No. 15442.**

Court of Civil Appeals of Texas.

Dallas.

June 6, 1958.

Rehearing Denied July 11, 1958.

Caldwell, Baker, Jordan & Hill, and M. David Shwiff, Dallas, for appellants.

Robertson, Jackson, Payne, Lancaster & Walker, W. B. Patterson and Fred H. Benners, Dallas, for appellee.

YOUNG, Justice.

This action for personal injuries was filed by the Johnsons against defendant Woods following an intersectional collision of their automobiles at Alexander and Hay Market Roads in southeastern Dallas County on morning of November 2, 1956. Upon trial and jury answers to issues submitted, a defendant's judgment was rendered on findings against plaintiff J. B. Johnson of contributory negligence (also no damages), with resulting appeal.

Alexander Road is an east to west highway, Hay Market Road running generally north to south, joining in a "T" intersection; the latter Road being controlled by a stop sign. At the time, defendant Woods had approached the intersection from the south on Hay Market Road, with J. B. Johnson driving his Ford car in a westerly direction along Alexander Road. Material allegations of the parties and charges of negligence, pro and con, are reflected in the following numbered jury issues and answers, in substance: (1) That defendant Woods did not fail to stop at the stop sign on the occasion in question; (3) defendant Woods proceeded into said intersection at a time when plaintiff's automobile was within the intersection or approaching so closely as to constitute an immediate hazard; (4) but such conduct was not a proximate cause of the collision; (5) Woods did not fail to keep a proper lookout; (7) Woods failed to give any audible signal or warning of his approach; (8) which failure was not negligence; (10) Woods failed to turn or swerve his automobile to avoid the collision; (11) which failure was not negligence; (13) failure of Woods to apply brakes sooner than he did was not negligence; (15) Woods did not fail to apply his brakes; (18) failure of defendant Woods to bring his car to a stop before it collided with the car occupied by plaintiffs was not negligence; (20) Woods was operating his car at the time with windows which were fogged and thereby obscured his vision; (21) which was negligence, (22) but was not a proximate cause of the collision; (23) Woods was not operating his automobile on the occasion at a speed greater than that which a person of ordinary prudence would have operated it under the same or similar circumstances; (25) that plaintiff Johnson, immediately before the collision, was confronted with an emergency, but (26) did what an ordinarily prudent person would have done under the same or similar circumstances; (27, 27a, 28, 29) no damages to plaintiffs; (30) plaintiff Johnson was not operating his automobile at a greater rate of speed than a person of ordinary prudence would have operated it; (32) Johnson failed to keep a proper lookout; (33) which was negligence and a proximate cause of collision; (34) said plaintiff failed to decrease speed of his car before entering the intersection; (35) which was not negligence; (37) plaintiff's failure to stop the car before striking defendant's car was not negligence; (39) plaintiff's failure to change the path in which his car was traveling was negligence; (40) which was a proximate cause of the collision; (41) the collision was not the result of an unavoidable accident.

Points of appeal: It appears that defendant Woods was given a ticket for traffic violation by an officer investigating the collision, followed by complaint filed in Justice of Peace Court at Mesquite, of failure to yield right-of-way; in turn resulting in a notation on the Court Docket

of a plea of guilty and payment of fine and costs, totalling $16.50, which was paid. Appellants offered in evidence this official record as an admission against interest which was refused, and such ruling is the basis of their initial point. In this connecttion plaintiffs had pled a violation by defendant of Sec. 73(b), Art. 6701d Vernon's Annotated Civil Statutes, providing: "the driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obligated to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." The jury had answered "yes" to issue No. 3 inquiring of whether defendant Woods "proceeded into said intersection at a time when plaintiff's automobile was within the intersection or approaching so closely as to constitute an immediate hazard"; answering "no", however, to issue No. 4 of whether such conduct on part of defendant was a proximate cause of the collision.

 It is well settled that court record of a plea of guilty and conviction based thereon is admissible in evidence where the same act is involved in both the criminal and civil proceedings. 17 Tex.Jur. 575; Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384. Also that a judgment based upon a plea of guilty purportedly entered by a defendant, but actually entered by someone other than the defendant, or his attorney, is void and inadmissible in the coincident civil proceedings; Ex parte Jones, 46 Tex. Cr.R. 433, 80 S.W. 995; Ex parte Super, 76 Tex.Cr.R. 415, 175 S.W. 697; Article 518, Vernon's Annotated Code of Criminal Procedure, requiring that a plea of guilty in a misdemeanor case may be made by the defendant or his counsel in *open court.* Here defendant Woods testified without equivocation that he did not pay the fine imposed by the traffic ticket, had no conversation with Justice of the Peace Fox,

did not appear in Court and plead guilty to charge of failure to yield right-of-way; it not being disputed that Mrs. Woods paid the fine without his knowledge or consent. Judge Fox testified (Appellant's Bill of Exceptions) that after filing of the traffic violation case against Woods, someone who identified himself as Woods, talked to him either over 'phone or his office wanting to know if he had to come into court; he telling the party the amount of the fine and that they could either send it in or bring it; not remembering who brought in this particular cash fine. Judge Fox stated however that the notation on his docket was not made *after* someone had come and appeared personally before him in court.

██ Counsel for both parties argue at length on admissibility of aforesaid Justice Court record; appellee further pointing out that error, if any, involved in its rejection was harmless. For the proffered evidence would have had bearing only on truth of the facts charged in the complaint; i. e., that appellee had failed to yield the right-of-way; such being the jury finding against defendant, in effect, to plaintiffs' issue No. 3. One cannot complain of exclusion of evidence relating to an issue answered favorably to him, 4 Tex.Dig. Appeal and Error, As stated in Douty v. Delta Drilling Co., Tex.Civ.App., 264 S.W.2d 164, 168. "Had the witness Grandberry been permitted to testify as to the speed at which appellee's truck driver was driving on the occasion of the collision based upon his opinion, it could have done no more than aid the jury in finding, as they did find, that the truck driver was negligent in this respect. Consequently the ruling of the trial court must be held to be harmless."

Moreover, appellants were in turn found negligent in failing to keep a proper lookout, also in failing to change the path of their automobile prior to the collision, thereby proximately causing same; the rejected evidence manifestly having no bearing on above finding against plaintiff of im-

proper lookout. In Valdez v. Yellow Cab Co.; Tex.Civ.App., 260 S.W.2d 715, 716, the question raised was whether appellant had been harmed by the court's failure to submit his issue on negligence per se; also its refusal to treat certain testimony as having been answered favorably to appellant. Relevant thereto the Court held: "Appellants' points do not present a reversible error. Contributory negligence is an affirmative defense and when established it avoids liability, although the defendant may have been guilty of one or more negligent acts or omissions proximately causing plaintiff's injuries. In the absence of some special circumstance, not here present, an error, from the plaintiff's standpoint, in the submission of his primary negligence issues, is regarded as harmless when it appears that the jury upon sufficient evidence has answered properly submitted contributory negligence issues unfavorably to plaintiff. *The harmless error rule is likewise applicable to the improper admission or exclusion of evidence relating to such plaintiff's primary negligence issues, so long as such evidence does not also bear upon the contributory negligence issues.* (Emphasis ours.)

■ . Second point of error complains of "the many side-bar remarks" made by defense counsel during course of trial "constituting unsworn testimony of a highly prejudicial nature, the cumulative effect of which was so damaging that same could not be cured by an instruction from the Court." As appellee states, a great majority of the incidents so detailed (some 20 in all) were not objected to at time of the occurrence, or in any other appropriate manner before conclusion of the trial and therefore waived. Texas & N. O. Ry. Co. v. Foster, Tex.Civ.App., 266 S.W.2d 206. Some of the instances were patently innocuous, while others were in connection with objections addressed to the court as reasons and grounds therefor; and perhaps in one or

two instances Judge Williams should have more severely admonished defendant's counsel, considering the peremptory language of Rule 269(f), Texas Rules of Civil Procedure. Be this as it may, we approve the conclusions reached by the Beaumont Court in Prater v. Holbrook, Tex.Civ.App., 283 S.W.2d 263, 267, on a discussion of similar points: "The other remarks, all of which have been carefully considered, may be characterized as the ordinary variety of side-bar remark that [is] no doubt too frequently indulged in by counsel * * *, but which seem more or less inevitably to crop up in the trial of cases. Most of them passed without an objection being registered by defendant, and none of them provoked a motion for mistrial. * * * All of the remarks are considered to have been of such nature that their harmful effects, if any, could have been removed by an instruction from the court. * * * We do not feel, therefore, that the cumulative weight of the side-bar remarks was of the prejudicial nature claimed by appellant." See, also, Texas & N. O. Ry. Co. v. Foster, Tex.Civ.App., 266 S.W.2d 206.

■ In final point complaint is made of the court's action in striking as a conclusion, not responsive, the answer of plaintiff to a question concerning his wife's appearance at close of day's work (teaching). Council was not thereby precluded from further pursuing the inquiry or having the witness instructed that he might properly answer as regards appearance of Mrs. Johnson, or relative to symptoms susceptible of observation. Aside from this, exclusion of the evidence, even if admissible, was no more than harmless error, since the answer had no bearing on the jury issues of contributory negligence, resolved against appellants.

All points of error are accordingly overruled, and judgment of the trial court is affirmed.