Mai Conner **CARRICK**

v.

**L. W. HEDRICK et al.**

No. 7127.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 20, 1961.

James P. Donovan, Dallas, for appellant.

Malone, Seay & Gwinn, Dallas, for appellees.

DENTON, Chief Justice.

This is a suit seeking to recover for personal injuries alleged to have been sustained by appellant as a result of an automobile and truck collision at an intersection in the City of Dallas. Appellees, L. W. Hedrick and James W. Hedrick, were owners of the truck which was being driven by appellee Troy Dan Ray. All three were made party defendants. The case was tried before a jury. The jury exonerated the defendant driver of all acts of negligence, and found appellant contributorily negligent in the operation of her automobile in several respects, including running a red light. The jury further found that the appellant sustained no personal injury as a result of the collision. The trial court thereupon entered judgment for the defendants below.

Appellees contend by counter points that appellant's points of error are too general and indefinite, and that allegations in appellant's amended motion for new trial are not sufficiently definite to enable this court to consider the matters complained of. In view of the liberal construction to be given in interpreting our Rules of Civil Procedure, we conclude the points of error, except the one hereinafter mentioned, are sufficiently definite for this court to consider them. Under two points, appellant referred to certain paragraphs of the motion for new trial when in fact the named paragraph should have referred to the amended motion for a new trial. We do not think such an error or mistake is fatal.

Appellant first contends the trial court erred in permitting the investigating police officer to testify to certain conversations he had with witnesses at the scene. Further complaint is made of the officer testifying to appellant's plea of guilty to a traffic violation which grew out of the collision in question. These points will be considered in the order named. Over appellant's objection, the officer was permitted to testify that three witnesses to the collision told him the appellant ran a red traffic light. These conversations took place at the scene within ten minutes of the collision. Such statements were admissible as res gestae. The statements were made by witnesses to the collision within a few minutes of the collision. As they were made on the scene and in such close proximity to the actual occurrence, we are of the opinion they were spontaneous utterances which arose from the transaction itself. Knapik v. Edison Bros., Inc. (Tex.Civ. App.), 313 S.W.2d 335 (error refused). The fact the statements complained of were made by bystanders is of no significance if their statements are in fact res gestae. Firemen's Ins. Co. v. Havron (Tex.Civ. App.), 277 S.W. 742 (no writ history); Dallas Ry. & Terminal Co. v. Burns (Tex. Civ.App.), 60 S.W.2d 801 (no writ history); Tyreco Refining Co. v. Cook (Tex.Civ. App.), 110 S.W.2d 219 (Dismissed). It should be noted that all three of these witnesses testified at the trial. One of these witnesses denied making the statement to the officer, and further testified that appellant entered the intersection on a green light. The other two witnesses affirmed their statements to the officer, and gave identical testimony at the trial. We think this would have cured any error committed in admitting their statements made at the scene.

Appellant next complains of the admission into evidence of the telephone conversation of the same investigating police officer with a "stranger to the action." In this conversation the officer expressed the opinion the appellant was at fault in connection with the collision. This conversation was in fact with the son of appellant, and was initiated by the policeman in behalf of the appellant. The statement to the effect that appellant was at fault was made in response to a direct question by the son. Appellant was near by in the place of business when the officer placed the call,

and she also talked to the son after the policeman had concluded his conversation. Under these facts we cannot say the policeman's conversation with appellant's own son was inadmissible as hearsay.

■ This same police officer testified that appellant later appeared in person in the corporation court and entered a plea of guilty to a charge of negligent collision and paid a $25 fine. Appellant timely objected to this testimony together with the introduction of a certified copy of the corporation court's docket and minutes of the appellant's traffic case. The officer was present in the courtroom when appellant entered her plea of guilty. It is well settled that under such circumstances this evidence of her plea of guilty was admissible as an admission. Fisher v. Leach (Tex.Civ.App.), 221 S.W.2d 384 (refused n. r. e.); Mooneyhan v. Benedict (Tex.Civ.App.), 284 S.W. 2d 741 (refused n. r. e.); Johnson v. Woods (Tex.Civ.App.), 315 S.W.2d 75 (refused n. r. e.); Canales v. Bank of California (Tex.Civ.App.), 316 S.W.2d 314 (refused n. r. e.).

■■ The certified copy of the corporation judge's docket and minutes of appellant's conviction of the traffic violation is a public record which is required to be maintained under authority of Sec. 152, Art. 6701d, Vernon's Ann.Civ.St., and is admissible into evidence as such public record under Art. 3731a, Vernon's Ann.Civ.St. Tatum v. Texas Dept. of Public Safety (Tex.Civ.App.), 241 S.W.2d 167 (writ refused); Texas Dept. of Public Safety v. Jackson (Tex.Civ.App.), 272 S.W.2d 577 (no writ history); McPeak v. Texas Dept. of Public Safety (Tex.Civ.App.), 346 S.W. 2d 138 (no writ history). In our opinion, Sec. 151, Art. 6701d, is not applicable under the circumstances before us as is contended by appellant.

■■ Near the end of the testimony, appellant attempted to introduce certain portions of appellee Troy Dan Ray's oral deposition for the stated purpose of impeaching his testimony. Appellant's attorney proceeded to read into the record certain questions and answers given in Ray's deposition. Appellees' objection to each question and answer was sustained on the ground they were repetitious. Ray had been intensively examined and cross examined prior to this time, but no effort to recall Ray to the witness stand for the purpose of confronting him with the answers made in his oral deposition was made. We therefore conclude a proper predicate had not been laid for the declared purpose of impeaching his testimony. It is well settled that in attempting to impeach a witness by showing he made prior contradictory statements, a foundation must first be laid by questioning the witness concerning the statements, and he must be given an opportunity to make such explanations concerning the alleged contradictory character of such statements in his testimony as he might desire. International & G. N. R. Co. v. Boykin, 99 Tex. 259, 89 S.W. 639; Thompson v. Denham (Tex. Civ.App.), 250 S.W.2d 460 (refused n. r. e.); Ray v. Gage (Tex.Civ.App.), 269 S.W.2d 411 (refused n. r. e.).

■ Appellant's fifth point of error reads as follows: "The trial court erred in refusing to set aside the verdict of the jury as to all answers to special issues other than those made to issues numbered 11, 12 and 27." This point of error is too general and indefinite and presents nothing for our review. Minchen v. First Nat. Bank of Alpine (Tex.Civ.App.), 263 S.W.2d 601 (refused n. r. e.); Blalack v. Johnson (Tex. Civ.App.), 293 S.W.2d 811 (no writ history). The statement under the point quoted above was also insufficient, and there being no argument presented under this point, the fifth point of error will not be considered.

The judgment of the trial court is in all things affirmed.