**ESTATE of Cecil Ray BROWN, Deceased, et al., Appellants,**

v.

**MASCO CORPORATION, Appellee.**

No. 8118.

Court of Civil Appeals of Texas, Beaumont.

Nov. 22, 1978.

Rehearing Denied Dec. 14, 1978.

John Cash Smith, Orange, for appellants.

Stephen M. Rienstra, Kerwin B. Stone, Beaumont, for appellee.

DIES, Chief Justice.

On July 23, 1974, Cecil Ray Brown was driving south on Jacks Island Road in Orange County when his vehicle, a Datsun truck, collided with a boat and boat trailer being pulled by a pickup truck going north on the same road. Brown was killed, and his wife brought a products liability action against the manufacturer of the Fulton trailer coupler and the Dilly boat trailer contending that the trailer and coupler, due to design defects, became uncoupled and swung into the southbound lane striking Brown's vehicle. Defendants contended the collision was caused by Brown's leaving his proper lane and driving into the boat while it was still coupled to the pickup.

The issues on product defects were all conditionally submitted requiring an affirmative answer to Special Issue No. 1 that the trailer came uncoupled before the collision. The jury found that it did not come uncoupled, and the trial court entered judgment that plaintiffs (wife and children) take nothing, from which plaintiffs perfect this appeal.

Plaintiffs' first point of error complains of the admission of certain testimony from a police officer who investigated the accident. Appellees (defendants) do not contend before us that plaintiffs waived this objection.

Herewith follows the question and answer of the officer:

"Q. Did you conclude that any traffic law had been violated at the time this collision occurred?

"A. Yes sir, it appeared that the Datsun pickup [Brown's vehicle] had not stayed in his lane of traffic."

Prior to beginning the trial, plaintiffs had filed a motion in limine to exclude the officer's opinion and to limit his testimony to what he actually saw and observed.

On September 20, 1977, the court ruled:

"Purcell [the officer] shall not be allowed to testify as to his opinion as to the cause of the accident . . . until the Court, out of the presence of the jury, makes its ruling as to whether he is qualified to give such opinion."

During the presentation of the defendants' case, the jury was dismissed, and Officer Purcell's deposition was introduced in order to determine its admissibility. During this procedure, plaintiffs' attorney asked the court, "How do you want to handle this? Do you want him just to go ahead and read this or do you want me to interpose an objection now or after they read a little bit of my cross?" The court suggested that plaintiffs' attorney mark on the deposition the places to which he objected, and this was done.

Also, when they reached a statement by Purcell that he concluded Brown had entered into the opposing lane of traffic and struck the boat, plaintiffs' attorney said, "I just want a continuing objection to all of this."

After the deposition in its entirety was presented, the court ruled, "I intend to exclude this testimony as to . . . of Officer Purcell as to his opinion on anything," and told the attorneys to go through the deposition and delete the opinion answers.

On Tuesday, October 5, apparently the following day before the jury was brought in, a discussion of what was and was not admissible followed. At that time, plaintiffs' attorney again objected to this particular testimony. The court said, "Well, of course, the Datsun pickup truck didn't stay in his lane of travel. It wound up in the ditch on the other side. It's bound to have gotten out of its lane of travel, but whether that was a violation or not of a traffic law is another question. Well, I'm going to overrule your objection." Plaintiffs' attorney responded, "Okay, note my exception." The court replied: "All right. . . ." The jury was returned to the courtroom, and this testimony was read to the jury.

■ We believe plaintiffs preserved their objection to this testimony. Unquestionably the court and defendants' attorneys knew specifically plaintiffs' objection to the testimony, and the reasons for the objection, and the court admitted the testimony with this knowledge. Where a party makes a proper objection to the introduction of a witness, and is overruled, he is entitled to assume that the judge will make the same ruling as to other offers of similar evidence, and he is not required to repeat the objection. *Crispi v. Emmott,* 337 S.W.2d 314, 318 (Tex.Civ.App.—Houston 1960, no writ); see also, *State v. Lock,* 468 S.W.2d 560, 565 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.). In *State v. Lock,* the trial court had granted certain motions in limine and denied others as to the introduction of evidence. During the trial, testimony was elicited on all of these subjects.

When the first reference was made to a certain use of the land (a subject as to which trial court had denied a motion in limine) the opposing counsel, the State, objected and was overruled. Other use was then made of this statement. The State did not make a motion to strike, require special instructions, or object to special issues. The State did make a motion for new trial. The appellate court noted that the State's objection to the complained of testimony was general and casual, but concluded: (Keith, J.)

> "The trial court, however, had theretofore overruled State's motion in limine and State's counsel had little reason to believe that an elaborate objection even if followed by a vigorous legal argument would be successful. Under the circumstances, we are of the opinion that the objection was sufficient to preserve the point."

*Id.* at 565.

Had Brown survived the collision and been given a ticket by Officer Purcell for not staying in his lane of traffic, this fact would not have been admissible in evidence unless Brown plead guilty. See *Fisher v. Leach,* 221 S.W.2d 384 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.); *Johnson v. Woods,* 315 S.W.2d 75 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.); *Carrick v. Hedrick,* 351 S.W.2d 659 (Tex.Civ.App.—Amarillo 1961, no writ); *Mooneyhan v. Benedict,* 284 S.W.2d 741 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.); *Barrios v. Davis,* 415 S.W.2d 714 (Tex.Civ.App.—Houston 1967, no writ); *Switzer v. Johnson,* 432 S.W.2d 164 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ).

The ultimate issue in this case was Special Issue No. 1. If Brown's vehicle got on its wrong side of the road, it struck the boat and was the cause of the uncoupling of the trailer. A police officer's opinion as to the cause of a traffic accident carries extra weight with the average juror.

■ In Texas, accident analysts and reconstruction experts can be qualified if they are highly trained in the science of

which they testify. See *Bolstad v. Egleson,* 326 S.W.2d 506, 518 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); *Texaco, Inc. v. Romine,* 536 S.W.2d 253 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). See Note 38 Tex.L.Rev. 503, 506 n. 14 (1960):

"As for regular police officers, sheriffs, mechanics, etc., it generally may be said that they lack such training and experience as would qualify them to make a scientific analysis from physical evidence, regardless of how many accident scenes one may have examined."

Officer Purcell's training only included three days of training on investigation of accidents. He had only investigated about twenty accidents prior to the one we review. Purcell's degree was in elementary education. Clearly, Officer Purcell was not qualified to express his opinion on the ultimate issue in this case. See *East Texas Motor Freight Lines, Inc. v. Neal,* 443 S.W.2d 318 (Tex.Civ.App.—Texarkana 1969, writ ref'd n. r. e.). And we find that this testimony was reasonably calculated to and probably did cause the rendition of an improper judgment. *Tex.R.Civ.P. 434.* See *Pittman v. Baladez,* 158 Tex. 372, 312 S.W.2d 210 (1958). Appellants' first point is sustained.

■ Appellants' second point of error complains "The court erred in allowing the Defendant, Masco/Fulton to introduce the accident reconstruction opinion testimony of the company representative, Charles Hall, in that the witness was totally unqualified to give expert opinion testimony, and admission of his testimony invaded the province of the jury."

We sustain this point for these reasons: Hall had no training or background in accident reconstruction, and yet through drawings projected on a screen to the jury, and oral testimony, he was permitted to "analyze" each side's contention and conclude that appellee's (defendant's) was the more plausible. Hall had a degree in mechanical engineering and was employed as Manager of Reliability and Quality Assurance for Fulton. He was accepted by the court as Fulton's representative at the trial. He had never testified in a traffic accident before and clearly was allowed to express opinions outside his expertise. This was reversible error. In addition to the authorities cited in this opinion, see 2 McCormick & Ray, Texas Evidence § 1400 (2nd ed. 1956); *Koonce v. Perales,* 268 S.W.2d 683, 684 (Tex. Civ.App.—San Antonio 1954, no writ); *Hutchins v. Humble Oil & Refining Co.,* 161 S.W.2d 571, 573 (Tex.Civ.App.—Houston 1942, writ ref'd w. o. m.); *Texaco, Inc. v. Romine,* 536 S.W.2d 253, 256–257 (Tex.Civ. App.—El Paso, writ ref'd n. r. e.); *Reed v. Barlow,* 157 S.W.2d 933, 935 (Tex.Civ.App. —San Antonio 1941, writ ref'd); *Wilderspin v. Bewley Mills, Inc.,* 298 S.W.2d 636, 641 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n. r. e.).

The evidence of either Officer Purcell or witness Hall was highly prejudicial and improper; together the cumulative effect compounded the error. The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED and REMANDED.

KEITH, Justice, concurring.

It is with some reluctance that I concur in the reversal of the trial court's judgment because of the claimed erroneous admission of opinion testimony. We have reviewed a tremendous record and two isolated instances now combine to bring about a reversal of an otherwise errorless judgment.

All litigants should keep in mind the admonition to be found in *The Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968):

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal."

This burden includes the rule articulated by Chief Justice Wheeler more than a century ago in *Hill v. Baylor,* 23 Tex. 261, 263 (1859), which still prevails:

"It is scarcely necessary to say, that objections to the admissibility of evidence not taken below, and which, if taken, might have been obviated at the trial, cannot be first urged in this court, as a ground for reversing the judgment."

Although my uneasiness is applicable to both instances discussed by our Chief Justice, in the interest of time and space, I will confine my specific remarks to the Purcell incident. His testimony was offered in the form of an oral deposition taken by agreement wherein objections had been reserved until time of trial. Plaintiffs' motion in limine to prevent defendants' counsel from asking Purcell his opinion as to the cause of the accident had been presented and granted.

There was considerable discussion between the court and trial counsel without any definitive ruling on the question then before the court. Finally, on page 1295–A, being the concluding page of Volume 5 of the Statement of Facts, the court reporter inserted this note:

"(NOTE BY COURT REPORTER: At this point there was a hearing held out of the presence of the jury, such hearing being Pages 1296 through 1389 inclusive; this testimony was not admitted for the jury's consideration and upon the instruction of counsel for plaintiffs, same is being deleted from the Statement of Facts.)"

Volume 6 of the Statement of Facts starts upon the next day with page 1390. Thus, with nearly a hundred pages of the record deliberately omitted, it is extremely difficult to follow the plaintiffs' contention that the trial court committed reversible error in admitting Purcell's testimony.

The contention is expressed in this manner:

"Perhaps the most prejudicial portion of the police officer's testimony, admitted over the plaintiffs' objection (S.F. 1409–1411), was the following:

" 'Q Did you conclude that any traffic law had been violated at the time this collision occurred?

" 'A Yes, sir, it appeared that the Datsun pickup [driven by the deceased] had

not stayed in his lane of traffic.' (S.F. 1464)." [1]

The key and operative words found in the argument are these: "admitted over the plaintiffs' objection." I have read and re-read the portion of the Statement of Facts wherein the objection is said to be found and do not find a tenable objection. One thing is certain, there are *no* objections to be found on page 1464 of the Statement of Facts—the time when the jury heard the evidence, and the single place mentioned in the plaintiffs' brief.

To illustrate the problem, I quote from the colloquy between the court and counsel when the deposition was being considered, line by line, in the absence of the jury, page 1409 found in Volume 5 of the Statement of Facts:

"THE COURT: . . . Let's see, go to page thirty-four.

"MR. SMITH [Plaintiffs' Counsel]: Line four,

'Q. Did you conclude any traffic law had been violated at the time this collision occurred?

'A. Yes, sir, it appeared that the Datsun truck had not stayed in his lane of traffic.' "

[Here followed a full page (p. 1410) of comment by the Court and counsel but no objection from plaintiffs' counsel.] [2]

As the trial judge and counsel were jointly engaged in going through the deposition of Purcell in the absence of the jury, constant mention was made of testimony appearing on page number (for instance) thirty, line seven; but we do not have a deposition in our record. While the participants in this exercise in judicial wheel-spinning may have known precisely what was happening, they did not make an intelligible record sufficiently explicit to enable this court to review the action forming the basis of the present complaints.

---

1. The next reference to this testimony is to be found in plaintiffs' motion for new trial.

2. If it be argued that trial counsel and the judge had in mind plaintiffs' objections as set out in the motion in limine, such fact did not obviate

the necessity of specific objections being urged at the time the evidence was offered. *K-Mart No. 4195 v. Judge*, 515 S.W.2d 148, 152 (Tex. Civ.App.—Beaumont 1974, writ dism'd).

After a careful review of the record surrounding the admission of the Purcell testimony, I am unable to locate a single specific objection to such challenged testimony.

Counsel engaged in the trial of a cause should ever be acutely aware of his duty and obligation, not only to his client but to the trial court, of making prompt, specific, and detailed objections to evidence which he considers to be inadmissible. Once such an objection is made, the trial court has a reciprocal duty of making a ruling thereon so that the accuracy of the ruling may be tested upon appeal.

Dean McCormick has an excellent treatment of the need for timely and specific objections and it is recommended to trial counsel. See 1 *C. McCormick & R. Ray, Texas Law of Evidence* §§ 22–27, at 20–26 (2d Ed. 1956). See also *Brown & Root v. Haddad,* 142 Tex. 624, 180 S.W.2d 339 (1944), and Justice Pope's recent article "Presenting and Excluding Evidence", *IX Tex.Tech L.Rev.* 403, 443 (1978).

This language, extracted from *Harlow v. Swift and Company,* 491 S.W.2d 472, 477 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.), is applicable here:

> "Plaintiff did not object to the evidence before the jury, move for a mistrial, request the court to instruct the jury not to consider the evidence, or file a motion to strike the statement from the record. Assuming the statement was inadmissible, plaintiff waived his right to complaint." (citations omitted)

Not many cases are reversed these days because of the erroneous admission of evidence; consequently, it becomes increasingly important for trial counsel to realize the necessity of making the appropriate objection to the receipt of the evidence and presenting it to the appellate court in such form that it can be ruled upon without an unduly lengthy search of the record.

In this instance, I concur in the reversal of the judgment.