**James Clay COX, Appellant,**

v.

**Lisa BOHMAN, Appellee.**

**No. 13–84–142–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 29, 1984.
Rehearing Denied Dec. 20, 1984.

**758**

Jo Chris G. Lopez, San Antonio, for appellant.

Randall P. Crane, San Benito, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This is a suit for damages resulting from personal injuries received in an automobile collision. Plaintiff recovered; defendant appeals. We reverse and remand.

By his fourth and fifth points of error, appellant complains of the introduction of evidence that appellant received and paid a traffic ticket as a result of the automobile collision and that the admission of this evidence was calculated to and probably did result in the rendition of an improper verdict.

Unless a plea of guilty to a traffic offense was made in open court, according to law, evidence of such guilty plea is not admissible in a civil suit for damages arising out of negligence giving rise to the charge. *Barrios v. Davis*, 415 S.W.2d 714 (Tex.Civ.App.—Houston 1967, no writ). *See also Estate of Brown v. Masco Corp.*, 576 S.W.2d 105 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Appellant stated without equivocation that he did not plead guilty in open court; rather, he paid the fine to a clerk. *See Johnson v. Woods*, 315 S.W.2d 75 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r.e.). In cases involving moving traffic violations for which the maximum punishment is a fine, payment of the fine constitutes a finding of guilty, "as though

a plea of *nolo contendere* had been entered by the defendant." TEX.CODE CRIM. PROC.ANN. art. 27.14 (Vernon Supp.1984). A plea of *nolo contendere* to a traffic violation cannot be admitted into evidence in a civil suit for damages arising out of the same incident. TEX.CODE CRIM. PROC.ANN. art. 27.02 (Vernon Supp.1984) and TEX.R.EVID. 410.

Although a certified copy of the docket sheet of the City of Harlingen Municipal Court reflects a plea of "guilty" was entered, the Clerk of that court testified that entry would have been made if the find had merely been paid. It has not been proved that appellant entered a plea of "guilty," and the evidence that appellant received and paid a traffic ticket should have been excluded. *Johnson v. Woods*, 315 S.W.2d at 77. Appellant's fourth point of error is sustained.

Appellee argues that, even if it was error to admit the evidence that appellant received and paid a traffic ticket, such error was "harmless" in that it was not calculated to and did not result in the rendition of an improper verdict and judgment. TEX. R.CIV.P. 434.

Appellee argues that the evidence in question was admissible to impeach appellant's statement that he was a good driver; however, appellee cites us to no case which holds that this evidence should be admitted as impeachment evidence, and we have found none.

Appellee also asserts that, while the jury found the appellant negligent in several respects, it did not find that appellant was "driving at a greater rate of speed than a person using ordinary care would have driven." (Special Issue No. 6). However, the jury also found that appellant was negligent in failing to properly apply his brakes (Special Issues 1 and 2); failing to maintain an assured clear distance (Special Issues 8 and 9); and failing to keep a proper lookout (Special Issues 10 and 11). "Failure to control speed" encompasses more than just "speeding." *See* TEX.REV. CIV.STAT.ANN. art. 6701d § 166(b), (c) (Vernon 1977).

When all the evidence on the issue of liability is considered together, it amounts to appellant's story, appellee's story and the fact that the investigating officer gave appellant a ticket. We believe that the introduction of this evidence must constitute harm to appellant. *See Estate of Brown v. Masco Corp.*, 576 S.W.2d 105, 107 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). Appellant's fifth point of error is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED to the trial court for a new trial.