Donald Ray ATKINSON, Appellant,

v.

Wesley D. RISTER, Appellee.

No. 4201.

Court of Civil Appeals of Texas.

Eastland.

Dec. 15, 1967.

Rehearing Denied Jan. 12, 1968.

Wagstaff, Alvis, Charlton & Alvis, Les Cochran, Abilene, for appellant.

Scarborough, Black, Tarpley & Scarborough, J. R. Black, Jr., Abilene, for appellee.

COLLINGS, Justice.

Wesley D. Rister brought suit against Donald Ray Atkinson seeking to recover damages for personal injuries sustained by plaintiff in a collision allegedly resulting from negligence on the part of the defendant. The case was tried before a jury and, based upon the verdict, judgment was rendered in favor of the plaintiff for $28,-414.00. Donald Ray Atkinson has appealed.

The findings upon which the judgment was based were that prior to the collision appellant Atkinson parked the Chevrolet pickup operated by him on a street, being United States Highway 180, in front of the Longhorn Cafe in the City of Anson; that appellant's pickup was negligently parked in such a manner that the equipment thereon protruded beyond the vehicle and over a paved portion of the highway, and that appellant negligently failed to have red lights, red flags or other warning equip-

ment at the rear of the pickup; that such negligence on the part of appellant proximately caused the collision and resulting injuries to appellee.

The evidence shows that immediately prior to the collision in question appellee, his wife, a young son and three daughters were riding in a Ford Ranchero pickup along United States Highway 180 in the City of Anson; that they were traveling in a westerly direction along the street at about twenty miles per hour; that the pickup was being operated by appellee's daughter Betty Lou Rister and accompanying her in the cab of the pickup were her mother and two younger sisters. Appellee was riding in the rear of the pickup near the tailgate, sitting on a spare tire. His son was up by the cab. The record supports the conclusion that as appellee and his family passed the Longhorn Motel a pipe was sticking out from the rear end of the Chevrolet pickup, which had been parked there by appellant, said pipe extending approximately 67 inches into the portion of the highway lane in which appellee's pickup was traveling. Appellee's daughter was driving his pickup with lights on dim, or low beam, and she did not see the pipe. However, as she was passing the Longhorn Motel Cafe she heard a loud noise. Appellee's wife testified that she heard the racket of those poles, or pipes striking the top of the Ranchero. The impact of the collision made creases in the top of appellee's pickup as shown by pictures introduced in evidence. When appellee's wife heard the sound of something striking the top of the cab she looked through the back glass in time to see appellee fall as if he was pulled out of the back end of the pickup. She stated that she did not see any sort of object on or near appellee as he fell. The evidence shows that appellee received a severe blow to his neck at the time and supports the conclusion that he was struck by the pipe protruding from the Chevrolet truck. The accident occurred at 8:00 o'clock p.m.

Sheriff Dave Reeves was notified of the accident and went to the scene of the collision arriving there at approximately 8:05 p.m. He observed the Chevrolet pickup with a couple of pipes which extended beyond the back end of the pickup for a distance of 67 inches out over the paved portion of the highway. He stated that no red flag, light or other warning device was on the end of the poles. He investigated the matter and talked with appellant Atkinson after which he went with appellant to the sheriff's office where a Justice of the Peace was waiting. The sheriff filed a criminal complaint with the Justice of the Peace against appellant charging him with illegal parking and "failure to have red light or flag on projecting load." The sheriff testified that appellant Atkinson in his presence entered a plea of guilty to the complaint.

Appellant urges points contending that the court erred in admitting in evidence over his objection (1) the original criminal complaint which had been filed against him, (2) in admitting into evidence the oral testimony of Sheriff Reeves that he heard appellant plead guilty before the Justice of the Peace to traffic charges which had been filed against him and, (3) in admitting into evidence the testimony of the sheriff that the criminal complaint in question was the same complaint to which appellant entered a plea of guilty. Appellant's objection to the evidence complained of was that it was hearsay, immaterial and that it violated the best evidence rule. These points are overruled.

The issue involved was not whether there was a valid judgment of conviction against appellant. If that were the issue then appellant's contention that the best evidence was the court record would be well taken. The question here, however, concerns an admission against interest. The testimony of the sheriff that he heard appellant plead guilty to the traffic charges filed against him was admissible as

an admission or declaration against interest as an exception to the hearsay rule. Carrick v. Hedrick, 351 S.W.2d 659 (Tex.Civ. App.1961), no writ history; Smallwood v. Parr, 174 S.W.2d 610 (Tex.Civ.App.1943, error refused W.M.); Warburton v. Wilkinson, 182 S.W. 711 (Tex.Civ.App.1916.) In the last cited case it is stated that " * * the voluntary admissions of a party, whereever and however made, can be used in any suit to which he is a party." In Volume 2 at page 16 of Texas Law of Evidence by McCormick and Ray it is stated that " * * it is well settled that any statement or conduct of a party which is inconsistent with the position taken by him at the trial may be given in evidence against him * * *." In 31A C.J.S. Evidence § 300, on pages 769–771 it is stated that:

"Admissions by accused in a criminal case may be competent as judicial admissions, against him, in a civil action involving the same subject matter, whether made in or out of court. Accordingly, except as a different holding may be required by statutes making evidence of convictions inadmissible in civil actions, where defendant has pleaded guilty to a criminal charge, evidence of the fact of such plea, although the plea was subsequently withdrawn, or the record of his conviction on the plea of guilty, may be introduced, in a civil action, as an admission on his part against interest, and is also admissible in rebuttal to contradict him * * *."

■ The complaint filed against appellant in the criminal case was admissible because it was material to and explained an admission against interest by appellant. It and the testimony of the sheriff that such complaint was the same to which appellant had plead guilty were admissible to show the facts admitted by appellant when he entered the plea. The complaint and the testimony of the sheriff show that appellant admitted that he had illegally parked the pickup in the manner shown by the record and failed to have a red light or flag on the projecting load.

■ We overrule appellant's points contending that the court erred throughout its charge in assuming that appellee Rister was struck or in a collision with equipment mounted on the vehicle parked by appellant. The undisputed evidence shows that there was a collision. Circumstantial evidence shows that appellee's pickup and appellee himself were struck by the pipe extending from the rear end of the pickup which had been improperly parked by appellant. The evidence supports the conclusion that the pipe left creases where it struck the top of appellee's pickup. Appelle's wife and daughter who were in the cab of the pickup heard the sound of the impact. Simultaneously appellee was struck on the back of his neck and sustained the injuries complained of. His wife saw him through the rear window as he fell off the back of their pickup. This evidence supports the conclusion that appellee was struck with equipment mounted on the pickup parked by appellant. There was no evidence to the contrary.

■ Special issue number 1 inquired whether appellant Atkinson parked the Chevrolet pickup at the location in front of the Longhorn Cafe in Anson where the accident occurred. Appellant urges points contending that the court erred in submitting such issue to the jury and in overruling his motion for a new trial, asserting that there was no evidence showing, or supporting the finding of the jury, that he did so park the pickup. Appellant also contends that the finding of the jury in answer to special issue number 1 is against the great weight and preponderance of the evidence. These points are not well taken. Appellant admitted by his plea of guilty to the criminal complaint that he had so parked the Chevrolet pickup. Applying the standard laid down by our Supreme Court in Harrison v. Chesshir, 159 Tex. 359, 320

S.W.2d 814 (1959), this constituted evidence supporting the submission of special issue number 1 and the answer of the jury thereto. Considering the evidence as a whole, as required in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952), the answer of the jury to special issue number 1 is not against the overwhelming weight and preponderance of the evidence. Actually, there was no evidence contrary to the finding.

■ Special issue number 5 of the court's charge inquired whether appellant at the time he parked the pickup in front of the cafe, if he did, failed to have red lights, red flags or other warning equipment at the rear of said truck and equipment. The answer of the jury was that "he did fail". Appellant urges points contending that there was no evidence to support the submission of special issue number 5 or the answer of the jury thereto, and that the court, therefore, erred in submitting said special issue to the jury and in overruling his motion for a new trial. Appellant also contends that the court erred in overruling his motion for a new trial because the answer of the jury thereto is against the great weight and preponderance of the evidence. These points are overruled. Appellant, by his plea of guilty, admitted that he failed to have red lights, flags or other warning equipment at the rear of the pickup. Other evidence indicated the absence of such lights and warning equipment. There was no evidence to the contrary.

■ In appellant's point number 8 it is contended that the court erred in allowing the sheriff to testify that appellant did not tell him that there were red lights or red flags or other warning equipment on the pickup in question at the time of the accident. No reversible error is presented in this point and it is overruled.

Appellant's points are all overruled.

The judgment is affirmed.